# EXHIBIT A



July 22, 2020

VIA EMAIL AND FIRST CLASS MAIL
Mr. Brewster Kahle
Founder and Digital Librarian
Internet Archive
300 Funston Avenue
San Francisco, California 94118

    RE: Internet Archive and Copyright Infringement

Dear Mr. Kahle,

I am counsel for the Recording Industry Association of America ("RIAA"). The RIAA, as you may know, is a trade association whose members create, manufacture and/or distribute sound recordings representing the great majority of all legitimate recorded music consumption in the United States. Among the RIAA's members are the most well-known and respected record companies in the world, including Sony Music Entertainment, Universal Music Group, and Warner Music Group. I write on behalf of the RIAA's member companies concerning the serious matter of your and Internet Archive's infringement of RIAA member companies' copyrights on and through the Internet Archive website.

Although the Internet Archive is rife with infringing copies of sound recordings, perhaps the most prominent example of this infringement is the "Great 78 Project." Through the Great 78 Project, you and Internet Archive (collectively "you") have reproduced thousands of sound recordings in which RIAA member companies own or exclusively control copyrights, and have made those recordings available to the public for unrestricted download and streaming, all without the consent of the rights owners. These recordings include well-known and commercially available recordings by such legendary artists as Elvis Presley, Duke Ellington, Billie Holiday, Ray Charles, Chuck Berry, Frank Sinatra, Ella Fitzgerald, Louis Armstrong, and Hank Williams, to name just a few. Your unauthorized reproduction, distribution and public performance of these recordings is a plain violation of the RIAA member companies' rights

Mr. Brewster Kahle
July 22, 2020
Page 2

under the Classics Protection and Access Act ("Classics Act"), 17 U.S.C. § 1401, and constitutes nothing less than piracy on a massive scale.

Indeed, the brazenness of your infringement has already attracted the attention of the federal government: On June 10, 2020, the Chairman of the United States Senate Judiciary Committee's Subcommittee on Intellectual Property wrote to you to raise "serious alarms about copyright infringement" in connection with your use of sound recordings, including expressly through the Great 78 Project. In your July 10 response to that letter, you claim to be "focused . . . on recordings that have been historically difficult for researchers to access." This claim is demonstrably false, as even the most cursory review of commercial music streaming platforms like Spotify, Apple Music, Amazon Music, and YouTube shows the ready availability of thousands of the sound recordings that you purport to be "preserving" through the Great 78 Project.

Your letter also asserts that "Pre-1972 recordings that are not being commercially exploited . . . can be digitized and distributed by libraries like the Internet Archive, and used by others for non-commercial purposes." Even assuming that your use of these recordings is "noncommercial" (which we do not concede), your assertion misconstrues the law in fundamental respects.

First, despite your claimed status as a "library," neither the Great 78 Project nor the Internet Archive more generally qualifies as a "library" for purposes of the Classics Act or Section 108 of the Copyright Act.[1]

Second, the Classics Act imposes strict conditions on noncommercial uses of protected sound recordings, none of which you have satisfied. For example, a prospective noncommercial user must first make a "good faith, reasonable search" of Copyright Office records and music services to determine "whether the sound recording is being commercially exploited by or under the authority of the rights owner . . . ." 17 U.S.C. § 1401(c). It is obvious that you have made no such search at all, let alone a "good faith, reasonable" one.

Moreover, RIAA's member companies have identified thousands of their pre-1972 sound recordings in schedules filed with the U.S. Copyright Office, which are easily searchable online at https://www.copyright.gov/music-modernization/pre1972-soundrecordings/search-soundrecordings.html. Our preliminary review of the Great 78 Project shows that thousands of the sound recordings you have infringed are included on these schedules, which entitles RIAA's members to recover statutory damages with respect to each such infringement, as well as attorneys' fees in connection with the enforcement of their rights. To be clear, it is not necessary for these recordings to appear in the Copyright Office schedules for them to be protected; your unauthorized use of RIAA member companies' sound recordings that are not on those schedules is also infringing. The inclusion of recordings on the Copyright Schedules

---

[1] The suggestion in your letter that the "fair use" doctrine may also shield you from liability is ludicrous, and merits no further substantive response.

simply means that the RIAA member companies are entitled to recover statutory damages and attorneys' fees, if they so elect.

In addition to the Great 78 Project, the Internet Archive also offers to the public a vast number of infringing copies of RIAA member companies' sound recordings for unauthorized streaming and/or download. For example, the "Myspace Dragon Hoard (2008-2010)"[2] appears to contain thousands of unauthorized copies of RIAA member companies' sound recordings, and thus represents yet another repository of copyright infringement on a massive scale.

This letter serves as formal notice of our claim that your unauthorized uses of RIAA member companies' sound recordings, through the Great 78 Project and the Internet Archive website more generally, is patently unlawful and violates the RIAA member companies' rights under the Classics Act, 17 U.S.C. § 1401, as well as the Copyright Act more broadly. We demand that you immediately cease and desist from the infringement of all RIAA member companies' sound recordings, and that you inform us in writing that you have done so by no later than August 3, 2020.

Notwithstanding the foregoing, we are open to discussing an amicable resolution of our claims. If you wish to have such a discussion, please contact me immediately. In the meantime, as you are on notice of these claims against you, we trust that you will comply with your legal obligation to preserve all evidence that is in any way related to the Great 78 Project, the Myspace Dragon Hoard, and your use of copyrighted sound recordings on the Internet Archive more generally. This would include not just physical documents, but electronic information (including emails, digital files, and server data) as well.

This letter is without waiver of any rights or remedies the RIAA member companies may have or may pursue, and all such rights and remedies are hereby expressly reserved.

Sincerely,

Kenneth L. Doroshow
Chief Legal Officer
Recording Industry Association of America
1000 F St, NW
2nd Floor
Washington, DC 20004
kdoroshow@riaa.com

---

[2] See https://archive.org/details/myspace_dragon_hoard_2010