**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
 *andrew.gass@lw.com*
Joseph R. Wetzel (Bar No. 238008)
 *joe.wetzel@lw.com*
 505 Montgomery Street, Suite 2000
 San Francisco, CA 94111
 (415) 391-0600

Allison L. Stillman (*pro hac vice* pending)
 *alli.stillman@lw.com*
 1271 Avenue of the Americas
 New York, NY 10020
 (212) 906-1200

*Attorneys for Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD L.P.,<br><br>    *Defendants*. | Case No. 3:23-cv-06522-MMC<br><br>**DEFENDANTS INTERNET ARCHIVE, KAHLE, BLOOD, AND GEORGE BLOOD L.P.'S REQUEST FOR INCORPORATION OF DOCUMENTS BY REFERENCE AND FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Date:    March 22, 2024<br>Time:    9:00 a.m.<br>Place:   Courtroom 7, 19th Floor<br>Judge:   Hon. Maxine M. Chesney |

Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P. ("Defendants") respectfully request that the Court treat as incorporated by reference or take judicial notice of the documents attached as exhibits to the Declaration of Andrew M. Gass, filed concurrently herewith. These documents are submitted in support of Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.    **LEGAL STANDARD**

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

Incorporation by reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (citation omitted); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or doom their claims." *In re Ocera Therapeutics, Inc. Secs. Litig.*, 2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018) (citation omitted).

Under Rule 201 of the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts frequently take judicial notice of documents such as news articles, press releases, and similar documents when ruling on motions to dismiss, because these documents demonstrate what was publicly available at the time of the articles' publication. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592

F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications," such as "newspapers, magazines, and books," "introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" (citation omitted)).

## II. ARGUMENT

### A. EXHIBITS A AND B ARE INCORPORATED BY REFERENCE INTO THE COMPLAINT

The Court should treat Exhibits A and B as incorporated by reference in the complaint, because they are referred to extensively in Plaintiffs' complaint and form part of the basis of Plaintiffs' claims. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Exhibit A is a copy of the letter sent by the RIAA to the Internet Archive asserting that the Great 78 Project infringed Plaintiffs' (and others') copyrighted works. Exhibit B is copy of the response sent by the Internet Archive. Plaintiffs quote from the RIAA letter and Internet Archive's response at length. *See* Compl. ¶¶ 80-82. And both communications form the basis of Plaintiffs' claims that, for example, "Defendants knew their conduct was infringing," *id.* at 25, was done in "bad faith," *id.* ¶ 82, and that Defendants' alleged infringement was "willful, intentional, [and] purposeful," *e.g.*, *id.* ¶¶ 99.

Courts in this district regularly treat documents like the RIAA letter and Internet Archive's response as incorporated by reference into the complaint. *See, e.g.*, *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061, 1066 (N.D. Cal. 2018) (concluding letter from defendant quoted in complaint was incorporated by reference); *Coheso, Inc. v. Can't Live Without It, LLC*, 2017 WL 10434396, at *1 n.1 (N.D. Cal. Dec. 18, 2017) (treating letter asserting trademark infringement and response letter as incorporated by reference). The Court should treat Exhibits A and B as incorporated by reference.

### B. EXHIBITS C THROUGH I ARE SUBJECT TO JUDICIAL NOTICE

The Court should take judicial notice of Exhibits C through I. These exhibits are copies of news coverage of the Great 78 Project. Courts may properly take judicial notice of publicly available articles, news releases, and reports, when such documents are being offered for the fact

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 3:23-cv-06522-MMC
DEFENDANTS' REQUEST FOR INCORPORATION
BY REFERENCE AND JUDICIAL NOTICE

that the articles and the information they contain were publicly available at the time the articles were published (i.e., that the documents state what they state). *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of "the fact that various newspapers, magazines, and books have published information . . . as an indication of what information was in the public realm at the time"); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920-21 (N.D. Cal. 2020) (same); *In re Twitter, Inc. Secs. Litig.*, 2020 WL 4187915, at *2-3 (N.D. Cal. Apr. 17, 2020) (same); *Am. Small Bus. League v. U.S. Small Bus. Admin.*, 2020 WL 6270943, at *3 n.4 (N.D. Cal. Oct. 26, 2020) (Chesney, J.) (same).

The articles included as Exhibits C through I were published publicly, are available online, and their content is not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). They are therefore appropriate for judicial notice.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court treat Exhibits A and B as incorporated by reference into the complaint, and judicially notice Exhibits C through I.

Dated: January 26, 2024

Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Andrew M. Gass*
Andrew M. Gass (Bar No. 259694)
Joseph R. Wetzel (Bar No. 238008)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
*andrew.gass@lw.com*
*joe.wetzel@lw.com*

Allison L. Stillman (*pro hac vice* pending)
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
*alli.stillman@lw.com*

*Attorneys for Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 3:23-cv-06522-MMC
DEFENDANTS' REQUEST FOR INCORPORATION
BY REFERENCE AND JUDICIAL NOTICE