MARK R. CONRAD (CA Bar No. 255667)
JESSICA E. LANIER (CA Bar No. 303395)
**CONRAD | METLITZKY | KANE LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 343-7100
Fax:              (415) 343-7101
Email:          mconrad@conmetkane.com
Email:          jlanier@conmetkane.com

*Attorneys for Defendant Kahle/Austin Foundation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC, CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC<br><br>Plaintiffs,<br><br>v.<br><br>INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD, L.P.<br><br>Defendants. | CASE NO. 3:23-CV-06522-MMC<br><br>**DEFENDANT KAHLE/AUSTIN FOUNDATION'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:          March 22, 2024<br>Time:         9:00am<br>Judge:       Hon. Maxine M. Chesney<br>Courtroom: No. 7 (19th Floor) |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO DISMISS..........................................................................1
ISSUES TO BE DECIDED.................................................................................................................1
MEMORANDUM OF POINTS AND AUTHORITIES.....................................................................2
    I.      INTRODUCTION...................................................................................................2
    II.     BACKGROUND.....................................................................................................3
          A.     Allegations Against the Great78 Project, the Internet Archive, Brewster Kahle, George Blood, and George Blood LP...........................................3
          B.     Allegations Against the Foundation............................................................3
          C.     Relevant Procedural History........................................................................4
    III.    LEGAL STANDARDS............................................................................................5
    IV.    ARGUMENT............................................................................................................6
          A.     The Foundation's Alleged Donations to the Internet Archive Are Not a "Material Contribution" to Infringement...................................................6
          B.     Plaintiffs Improperly Impute Mr. Kahle's Knowledge to the Foundation and Fail to Allege the Foundation was Aware of Specific Acts of Infringement.........8
          C.     Amending the Complaint Is Futile............................................................12
    V.     CONCLUSION......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*ALS Scan, Inc. v. Steadfast Networks, LLC*,
   819 F. App'x 522 (9th Cir. 2020) ................................................................................................8, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................................................................5

*Balisterieri v. Pacific Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ...............................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................................5

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir.1996) ..................................................................................................................5

*Corbello v. DeVito*,
   832 F. Supp. 2d 1231 (D. Nev. 2011) .................................................................................................5

*Davis v. Pinterest, Inc.*,
   No. 19-CV-07650-HSG, 2021 WL 879798 (N.D. Cal. Mar. 9, 2021) ................................................11

*Deep Water Brewing, LLC v. Fairway Res. Ltd.*,
   152 Wash. App. 229 (2009) ........................................................................................................9, 10, 11

*Display Rsch. Lab'ys, Inc. v. Telegen Corp.*,
   133 F. Supp. 2d 1170 (N.D. Cal. 2001) ............................................................................................10

*Ellison v. Robertson*,
   357 F.3d 1072 (9th Cir. 2004) .............................................................................................................5

*Elsevier Ltd. v. Chitika, Inc.*,
   826 F. Supp. 2d 398 (D. Mass. 2011) .................................................................................................7

*Epikhin v. Game Insight N. Am.*,
   No. 14-CV-04383-LHK, 2015 WL 2412357 (N.D. Cal. May 20, 2015) .............................................8

*Erickson Prods., Inc. v. Kast*,
   921 F.3d 822 (9th Cir. 2019) ...............................................................................................................8

*Flaa v. Hollywood Foreign Press Assoc.*,
   No. 2:20-CV-06974-SB, 2020 WL 8256191 (C.D. Cal. Nov. 20, 2020) .............................................4

*Fonovisa v. Cherry Auction, Inc.*,
   76 F.3d 259 (9th Cir. 1996) .................................................................................................................6

*Free Speech Sys., LLC v. Menzel*,
   390 F. Supp. 3d 1162 (N.D. Cal. 2019) ..............................................................................................7

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
  443 F.2d 1159 (2d Cir. 1971) ............................................................................................... 5

*Hindu American Foundation, Inc. v. Kish*,
  No. 2:22-CV-01656-DAD-JDP, 2023 WL 5629296 (E.D. Cal. Aug. 31, 2023) .................... 4

*Holden v. Hagopian,*
  978 F.2d 1115 (9th Cir. 1992) .......................................................................................... 5, 9

*In re Napster, Inc. Copyright Litig.*,
  No. C 00-1369 MHP, 2001 WL 36593841 (N.D. Cal. July 9, 2001) ...................................... 7

*ITSI T.V. Prods, Inc. v. Agric. Associations*,
  3 F.3d 1289 (9th Cir. 1993) .................................................................................................. 6

*ITSI T.V. Prods., Inc. v. California Auth. Of Racing Fairs*,
  785 F. Supp. 854 (E.D. Cal. 1992) ....................................................................................... 6

*Johnston v. Hidden Cove Prop. Owners Ass'n LLC*,
  No. 47642-8-II, 2016 WL 3965170 (Wash. App. July 19, 2016) ......................................... 11

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ................................................................................................ 4

*Lockheed Martin Corp. v. Network Sols., Inc.*,
  194 F.3d 980 (9th Cir. 1999) .............................................................................................. 12

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
  658 F.3d 936 (9th Cir. 2011) ............................................................................................. 6, 8

*Luvdarts, LLC v. AT&T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ....................................................................................8, 9, 12

*Matlow v. Fandom, Inc.,*
  No. CV 22-1212-FWS-SK, 2022 WL 17184982 (C.D. Cal. July 7, 2022) ............................ 8

*Miniace v. Pac. Mar. Ass'n*,
  No. C 04-03506SI, 2005 WL 2230149 (N.D. Cal. Sept. 13, 2005) ...................................... 10

*Newton v. Thomason*,
  22 F.3d 1455 (9th Cir. 1994) ................................................................................................ 5

*Paskenta Band of Nomlaki Indians v. Crosby*,
  No. 2:15-CV-00538-MCE-CMK, 2017 WL 385922 (E.D. Cal. Jan. 24, 2017) .................... 11

*Produce Pay, Inc. v. Izguerra Produce, Inc.*,
  39 F.4th 1158 (9th Cir. 2022) .............................................................................................. 10

*UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*,
  718 F.3d 1006 (9th Cir. 2013) ............................................................................................6, 7

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ................................................................12

**Statutes**

28 U.S.C.A. § 1404(a) ........................................................................................................ 5

**Rules**

Fed. Rule of Civ. Proc. 12(b)(6) ...................................................................................1, 2, 5

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE THAT, on March 22, 2024, at 9:00 a.m., before the Honorable Maxine M. Chesney, Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Kahle-Austin Foundation (the Foundation) will and hereby and does move this Court for an order dismissing without leave to amend the Eighth Cause of Action for Contributory Infringement against the Foundation for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This motion is made on the ground that the Complaint fails to state a claim against the Foundation upon which relief may be granted. Plaintiffs (i) improperly rely on "quantitative" assistance alone to allege a "material contribution," (ii) improperly allege knowledge of infringing activity on the inadequate basis of the identity of one of its directors, and (iii) fail to allege that the Foundation was aware of specific acts or examples of infringement, as required by law. This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed declaration of Jessica Lanier and exhibits thereto, the Notice of Motion and Memorandum of Points and Authorities submitted by the Foundation's co-defendants, all pleadings and other documents concerning this matter on the dockets of the Southern District of New York and the Northern District of California, those matters of which this Court may take judicial notice, and such further evidence and oral argument as may be presented at the hearing on this Motion.

# ISSUES TO BE DECIDED

Whether Plaintiffs' allegations against the Foundation are sufficient to give rise to a claim for contributory infringement:

Whether Plaintiffs' allegations the Foundation donated to the Internet Archive are sufficient to allege the Foundation induced, caused, or materially contributed to the alleged infringement; and

Whether Plaintiffs' allegations concerning Mr. Kahle's knowledge are sufficient to allege the Foundation knew or had reason to know of specific acts or examples of infringement.

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Foundation respectfully submits this memorandum of law in support of its motion to dismiss the single claim asserted against it: Plaintiffs' Eighth Cause of Action for Contributory Infringement.

## I.    INTRODUCTION

Since its inception, the Foundation has donated tens of millions of dollars to a variety of organizations that support civic engagement, education, healthcare research, access to information, and the arts.  Recipients of its unrestricted general support grants have historically included organizations like the UCSF Foundation, Planned Parenthood, the American Civil Liberties Union, New York University, the Save Our Libraries Institute, and the San Francisco Center for the Book.  Like most private charitable foundations, the Foundation does not control the organizations it donates to, and, what's more, it has no interest in doing so.

The Foundation has searched diligently for a single source of legal authority where a non-profit private charity has been held responsible under federal copyright law because of its financial support for the allegedly infringing actions of a grantee.  Tellingly, the Foundation found none.

That is because the law does not and should not support such a claim:  Holding donor non-profits responsible for the allegedly tortious behavior of donation recipients would pose an unconscionable threat to this country's charitable giving regime.  Donors would become more conservative in their giving, wary that a grantee's misstep (or the mere *accusation* of a grantee's misstep) would sidetrack, not just the grantee's, but their own, money, attention, and energy.  Holding charities legally liable for infringement solely on the basis of their having made a donation accomplishes nothing, except diverting resources meant for organizations working to better their communities and industries to line lawyers' pockets.

Plaintiffs' theory of the Foundation's liability is therefore not only poorly pled, as argued below—it is untenable.

Removing from consideration Plaintiffs' conclusory allegations, of which there are many, Plaintiffs' theory of contributory infringement boils down to two factual allegations:  One, the Foundation has donated to the Internet Archive, which hosts the Great 78 Project at issue (in addition to

many other programs, collections, and collaborations), and, two, Brewster Kahle is on the board of both the Foundation and the Internet Archive. In relying solely on these two alleged facts to give rise to liability against the Foundation, Plaintiffs ignore black letter law that providing "quantitative assistance" alone (or mere "means") does not constitute a "material contribution" to infringement, improperly impute Mr. Kahle's supposed knowledge to the Foundation, and fail to allege the Foundation's awareness of specific acts or examples of infringement.

Plaintiffs' contributory infringement allegations must fail, and leave to amend would be futile. This Court should dismiss the contributory infringement claim against the Foundation with prejudice.

## II.     BACKGROUND

The Foundation repeats Plaintiffs' allegations without conceding their accuracy.

### A.     Allegations Against the Great78 Project, the Internet Archive, Brewster Kahle, George Blood, and George Blood LP

Brewster Kahle is Chair of the board of the Internet Archive. ECF No. 1 ("Compl") ¶¶ 10, 31. On or about 2017, the Internet Archive created and began to operate a repository of digitized 78 rpm records called the Great 78 Project. *Id.* ¶¶ 8, 71 (referencing "the beginning" of the Great 78 Project and citing a June 9, 2017 blog post). To populate the repository, the Internet Archive worked with George Blood, an audio engineer, and his company George Blood LP to "convert" 78 rpm records into a "digital format." *Id.* ¶ 12. The Internet Archive then uploads the result to the Great 78 Project website where visitors to the website can stream or download the recording. *Id.* ¶¶ 8, 12. Each digitized recording has a separate webpage on the Internet Archive's Great 78 Project website. *Id.* ¶ 49. The Internet Archive has identified the Foundation as the "digitizing sponsor" on the recordings' separate webpages, *id.* ¶¶ 49, 76, and the Internet Archive used the Foundation's donations to defray costs related to the Great 78 Project—including costs related to digitization and uploading records to the website, *id.* ¶ 76.

### B.     Allegations Against the Foundation

The Foundation is a non-profit organized in Washington state. *Id.* ¶ 30. Brewster Kahle is the President of the Foundation's board. *Id.* ¶¶ 10, 11. Mr. Kahle serves on the Foundation's board

alongside two other board members, Mary Austin and Jeff Ubois.  Exhibit B[1] at p. 6 to Lanier Decl. (Foundation's 2019 990-PF).

The Foundation is funded primarily but not exclusively by the Kahle-Austin Revocable Trust. Compl. ¶¶ 40, 75.  The Foundation has donated to the Internet Archive.  *Id.* ¶ 76.  According to the Complaint: "By virtue of Kahle's central role at both the Internet Archive and the Foundation" the Foundation "was aware" the Internet Archive's activities "were infringing" and "knew" that the Internet Archive "was using the Foundation's funds to support infringement."  *Id.*; *see also* ¶ 61 (alleging that a presentation Mr. Kahle gave shows that he and "by extension" the Foundation understood the effect of the Music Modernization Act).

### C.  Relevant Procedural History

Plaintiffs filed the Complaint on August 11, 2023 in the Southern District of New York.  ECF 1:23-cv-07133, No. 1.  The Foundation was served on August 24, 2023.  ECF No. 14.  At the court's direction, Defendants filed letters on October 4, 2023, outlining arguments they anticipated making in Rule 12 motions—including substantial challenges to personal jurisdiction.  ECF Nos. 35, 37 (refiled as ECF Nos. 46, 47).  Under the presiding judge's rules, the filing of these pre-motion letters "stay[ed] the time to answer or move until further order of the Court."  Individual Rules and Procedures for Civil Cases for Judge Lorna G. Schofield, III.C.2.  No such order was issued.  Plaintiffs replied on October 11, 2023.  ECF Nos. 39, 40.

On October 19, 2023, after a case management conference, the court ordered the parties to brief a motion to transfer.  ECF No 44.  Defendants submitted a single motion to transfer, which the court

---

[1] The Complaint cites and relies on for the basis of its allegations against the Foundation the contents of two of the Foundation's publicly-filed Tax Form 990-PFs—one for 2016 and the other for 2019. Compl. ¶¶ 40, 75.  These documents are therefore incorporated by reference into the Complaint and may be treated "as though they are part of the complaint itself."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (noting the doctrine of incorporation by reference is designed to prevent plaintiffs from citing "only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").  Such Tax Form 990s are also properly subject to judicial notice.  *Hindu American Foundation, Inc. v. Kish*, No. 2:22-CV-01656-DAD-JDP, 2023 WL 5629296, at *2 (E.D. Cal. Aug. 31, 2023); *Flaa v. Hollywood Foreign Press Assoc.*, No. 2:20-CV-06974-SB, 2020 WL 8256191, at *2 (C.D. Cal. Nov. 20, 2020).  These documents are attached as Exhibits A (Foundation's 2016 Tax Form 990-PF) and B (Foundation's 2019 Tax Form 990-PF) to the Declaration of Jessica Lanier ("Lanier Decl.") filed concurrently.

granted on December 8, 2023, ECF No. 59, and the case was officially transferred to the Northern District of California on December 19, 2023.  ECF, 3:23-cv-06522, No. 60.

### III.   LEGAL STANDARDS

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on either a "lack of a cognizable legal theory" or the "absence of sufficient facts" alleged to support a cognizable legal theory.  *See Balisterieri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).[2]  When faced with a motion to dismiss under Rule 12(b)(6), the court must construe all factual allegations in the light most favorable to the plaintiff.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996).  The Court must then determine whether those factual allegations "plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.  There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Id.*

The court need not accept conclusory allegations, unsupported by the facts alleged, as true. *See Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir. 1992).  Nor are courts "bound to accept as true a legal conclusion couched as a factual allegation."  *See Twombly,* 550 U.S. at 555 (internal quotation and citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A party is a contributory infringer if the party (i) has knowledge of a third party's infringing activity and (ii) induces, causes, or materially contributes to the infringing conduct. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1162 (2d Cir. 1971)).

---

[2] When a federal question case is transferred under 28 U.S.C.A. § 1404(a), the transferee court applies its own interpretations of federal law.  *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994).  *See also Corbello v. DeVito*, 832 F. Supp. 2d 1231, 1245–46 (D. Nev. 2011) (applying Ninth Circuit law to copyright infringement analysis, where case transferred from Fifth Circuit district court).

## IV. ARGUMENT

Plaintiffs have failed to adequately allege facts to sustain either requirement of contributory infringement.[3]

### A. The Foundation's Alleged Donations to the Internet Archive Are Not a "Material Contribution" to Infringement.

Plaintiffs only attempt to allege contributory infringement by "material contribution." *See, e.g.*, ¶ 173. A material contribution is one that "substantially assists" the direct infringement, *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 943 (9th Cir. 2011), such as where a party provides the "site and facilities" or "the environment and the market" for infringing activity, *Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996). More than a "mere quantitative contribution" to the primary infringement is necessary to give rise to the type of "material" contribution necessary to sustain a claim for contributory infringement. *ITSI T.V. Prods., Inc. v. California Auth. Of Racing Fairs*, 785 F. Supp. 854, 861 (E.D. Cal. 1992), *aff'd in part, rev'd in part on other grounds sub nom. ITSI T.V. Prods, Inc. v. Agric. Association*s, 3 F.3d 1289 (9th Cir. 1993) (citations omitted). The alleged contributor must also have acted "in concert" with the infringer, *see UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006, 1032-33 (9th Cir. 2013), and the participation or contribution with the infringement must be substantial, *Louis Vuitton Malletier,* 658 F.3d at 943 (citation omitted) (material contribution existed where contributory infringer operated servers that hosted infringing images). Accordingly, allegations that a party provided funding to an infringer are on their own insufficient to constitute a "material contribution." *UMG Recordings, Inc.*, 718 F.3d at 1032-33.

The only "material contribution" Plaintiffs allege the Foundation made was donating to the Internet Archive.[4] Compl. ¶ 76. A donation—providing funds or "means"—is quintessential

---

[3] As noticed in the companion Memorandum of Points and Authorities filed by the Internet Archive, Brewster Kahle, George Blood L.P., and George Blood, the Foundation joins its co-defendants' motion to dismiss allegations of infringement outside the statute of limitations period.

[4] The only other actions allegedly associated with the Foundation are actions alleged to have been completed *by the Internet Archive*. For instance, the Complaint alleges that the Internet Archive used the Foundation's donations to defray the costs of infringement, but the Complaint does not allege that the Foundation intended or directed its donations to be used this way—or even that the Foundation was aware its donations were ultimately used this way. Compl. ¶ 76. The Complaint also alleges that the Internet Archive identified the Foundation as a "digitizing sponsor" on the webpages for the works at (continued on next page)

1  "quantitative" contribution, and it falls far short of what is necessary to sustain a contributory
2  infringement claim.  *See Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1173 (N.D. Cal. 2019)
3  (dismissing claim for contributory infringement where plaintiff only alleged defendant provided means
4  to accomplish infringement).

5  *UMG Recordings* is illustrative.  In that case, brought by one of the Plaintiffs in the case now
6  before the Court, the plaintiffs brought contributory infringement claims against three individual
7  investors who contributed funds to a company, Veoh, a videosharing website that had been accused of
8  infringement.  In briefing before the Ninth Circuit, UMG and the other plaintiffs *conceded that "funding*
9  *alone" was not "material assistance."*  *Id.* at 1032.  And then, to attempt to save their contributory
10 infringement claim, UMG and the other plaintiffs pointed to the additional supposed actions of the
11 investors.  *Id.* at 1032.  UMG argued the investors took seats on Veoh's board and worked together to
12 control the company, directed Veoh's spending, and implemented policies at Veoh that facilitated
13 infringement.  *Id.*  Yet, even this additional "assistance" did not persuade the Ninth Circuit, which
14 affirmed the dismissal of the contributory infringement allegations against the investors.  *Id.*

15 Here, the allegations concerning the Foundation's actions are far weaker than those levied by
16 UMG Recordings in the Veoh website case discussed above.  For instance, there are no allegations here
17 that the Foundation controlled or directed the Internet Archive's activities (or that the Foundation had
18 the ability to do so), that the Foundation controlled the Internet Archive's board, or that the Foundation
19 implemented policies at the Internet Archive.  Simply put, Plaintiffs have only alleged that the
20 Foundation provided money, and that is just not enough.  *See In re Napster, Inc. Copyright Litig.*, No. C
21 00-1369 MHP, 2001 WL 36593841, at *2–4 (N.D. Cal. July 9, 2001) (dismissing multiple claims for
22 contributory infringement where primary activities were alleged to be investing "substantial sums of
23 money" as well as "supporting, guiding, encouraging, and promoting" an infringer); *see also Elsevier*
24 *Ltd. v. Chitika, Inc.*, 826 F. Supp. 2d 398, 406 (D. Mass. 2011) (observing materiality standard likely not
25 met, but dismissing because knowledge allegations deficient, where no allegations alleged contributory

---

issue.  But there are no allegations the Foundation had anything to do with this designation, that the Foundation was aware of it, or that the Foundation intended to be the "digitizing sponsor."  *Id.* ¶¶ 11, 76.  There are certainly no allegations that the Foundation earmarked any of its "general support" to the Internet Archive for the Great 78 Project.  *See generally id.*

infringer created, operated, advertised, or promoted the infringement); *Matlow v. Fandom, Inc.,* No. CV 22-1212-FWS-SK, 2022 WL 17184982, at *5 (C.D. Cal. July 7, 2022) (dismissing contributory infringement claim where alleged involvement was "limited" to acquisition of YouTube channel hosting the infringing videos, display of infringing videos before plaintiff sent alleged contributory infringer a cease and desist letter, and failure to "meaningfully respond" to cease and desist letter).

Plaintiffs' failure to allege any facts that the Foundation made a "material contribution" to the alleged infringement alone is sufficient to dismiss the contributory infringement claim against the Foundation.  *See Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (dismissing contributory infringement claim where plaintiffs did not allege facts in support of conclusory allegations).  But, for the reasons explained below, Plaintiffs' allegations have another fatal flaw:  Plaintiffs have also failed to allege the Foundation had knowledge of specific acts or examples of the alleged infringement.

**B.     Plaintiffs Improperly Impute Mr. Kahle's Knowledge to the Foundation and Fail to Allege the Foundation was Aware of Specific Acts of Infringement.**

Plaintiffs' allegations concerning the Foundation's knowledge of allegedly infringing activity fail in multiple respects.  This is so regardless of whether allegations of actual knowledge *are required* or whether allegations of knowing or having reason to know *are permitted* in the Ninth Circuit.  *See Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 831-32 (9th Cir. 2019) (comparing two knowledge standards applied in the Ninth Circuit as articulated in *Louis Vuitton Malletier,* 658 F.3d at 943 (permitting showing of "reason to know" for purposes of contributory infringement) and *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072-73 (9th Cir. 2013) (requiring actual knowledge) without resolving the contradiction).  For purposes of this motion, the Foundation assumes that a party may establish a claim for contributory infringement by alleging that the defendant has "reason to know" infringement is occurring.  As argued below, Plaintiffs fail to satisfy this standard (or any other described in the case law).

Regardless of whether the Ninth Circuit permits constructive knowledge or requires actual knowledge, a plaintiff must allege knowledge of specific acts of infringement.  *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 F. App'x 522, 524 (9th Cir. 2020) (citing *Luvdarts, LLC*, 710 F.3d at

1072 (dismissing contributory infringement claim where plaintiff failed to allege "specific knowledge" of infringement). Knowledge required for contributory infringement is more than generalized knowledge of the "possibility of infringement." *Id*. (holding no contributory infringement liability where notices to alleged infringer gave "at most" general knowledge that "infringement will likely occur again in the future" rather than giving notice of "any specific acts of infringement that are actually occurring").

*First*, the allegations concerning the Foundation's presumed knowledge are conclusory. *See* Complaint ¶¶ 11, 37, 76 ("the Foundation knew Internet Archive's activities were infringing and knew that Internet Archive was using the Foundation's funds to support infringement"), 169-173. As such, the Court can and should disregard them in their entirety and hold that the Plaintiffs' claim for contributory infringement is inadequately stated on that basis. *See Holden,* 978 F.2d at 1121.

*Second*, under the relevant test for imputing knowledge to a corporate entity, the Foundation is not adequately alleged to have knowledge. Here, the sole alleged basis for the Foundation's knowledge is "by virtue of" the office held *by Mr. Kahle*. Compl. ¶¶ 11 ("*Through Kahle*, the Foundation is fully aware of the Internet Archive's infringing activity." (emphasis added)), 61, 76, 173 ("*By virtue of Kahle's roles* as both Digital Librarian and Chair of the Board of the Internet Archive and as President of the Foundation, and *Kahle's close involvement* in the affairs of both Internet Archive and the Foundation, the Foundation has actual knowledge, or reason to know, of the infringing activity." (emphasis added)). But the factual allegations concerning the Foundation and Mr. Kahle's relationship to it do not support an inference that Mr. Kahle's knowledge should be imputed to the Foundation (or that the Foundation should have known of the infringement because of Mr. Kahle's knowledge).

Under the law, Plaintiffs' factual allegations are inadequate. While an entity may sometimes be charged with knowledge of facts known to its corporate officer, *see Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 152 Wash. App. 229, 268-69 (2009) (internal citations omitted), this rule is subject to numerous exceptions that are relevant here.[5] In particular, this rule of imputation does *not* apply where (i) the corporate officer's knowledge is acquired outside the scope of his powers or duties for the

---

[5] Washington state law applies to the Foundation's governance, as it was incorporated under Washington law. Compl. ¶¶ 30, 41.

relevant entity, (ii) when he does not act for or on behalf of the corporation in connection with the actions by which he acquires such knowledge, (iii) when he deals with the corporation in his own interest (which is adverse to the entity), or (iv) when the officer pursues his own personal objective rather than the purposes of the entity on whose behalf he acts as principal.  *Id.*

The *only* factual allegations[6] in the Complaint supporting the imputation of Mr. Kahle's knowledge to the Foundation is the allegation that Mr. Kahle is an officer of the Foundation.  Compl. ¶¶ 11, 31, 173 (imputing knowledge to the Foundation "by virtue of" Mr. Kahle's roles on the board of the Internet Archive and the Foundation and his "close involvement in the affairs of both Internet Archive and the Foundation").  That is insufficient:  There is no allegation as to what the scope of Mr. Kahle's duties were with respect to the Foundation, whether his knowledge concerning the alleged infringement was acquired within the scope of those duties, or whether he acquired his supposed knowledge while acting for or on the Foundation's behalf.  To the contrary, the sole allegations on which Plaintiffs seek to impute knowledge to the Foundation are based on Mr. Kahle's alleged conduct in roles *outside the Foundation*.  Without factual allegations tying his alleged knowledge to conduct undertaken in connection with or as a result of his role as a Foundation board member, even though Mr. Kahle is a board member, the Court cannot impute the Foundation with Mr. Kahle's knowledge.  *See Display Rsch. Lab'ys, Inc. v. Telegen Corp.*, 133 F. Supp. 2d 1170, 1177 (N.D. Cal. 2001) (allegations indicated officers obtained knowledge outside the course of their normal duties and therefore, for purposes of calculating statute of limitations, officers' knowledge was not imputed to corporation); *see also Miniace v. Pac. Mar. Ass'n*, No. C 04-03506SI, 2005 WL 2230149, at *10 (N.D. Cal. Sept. 13, 2005) (dismissing claims where unclear from allegations whether knowledge acquired by agents was within the scope of authority delegated to them by the board).

Indeed, there are sufficient allegations in the Complaint to reasonably conclude that at least one of the knowledge imputation exceptions affirmatively apply and Mr. Kahle's knowledge should not be

---

[6] The conclusory allegation that Mr. Kahle "controls" the Foundation, Compl. ¶ 11, is contradicted by the Foundation's publicly-available tax filings, incorporated by reference into the Complaint, which show the Foundation is in fact "controlled" by a three-member board, of which Mr. Kahle is only one member.  Exhibit B at p. 6 to Lanier Decl. (Foundation's 2019 Tax Form 990-PF); *see Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022) (citation omitted) (court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

charged to the Foundation. Mr. Kahle is alleged to have developed, designed, and promoted the Great 78 Project in connection with his individual role at the Internet Archive. Compl. ¶¶ 3 (alleging Kahle admitted his goal was to "poison the whole web with our 78s"), 54 (describing Mr. Kahle promoting the Great 78 Project through various channels), 71-74 (describing Mr. Kahle's extensive involvement with creating, operating, and promoting the Great 78 Project). The Complaint, in other words, alleges the Great 78 Project was Mr. Kahle's personal objective, executed by and in his personal association with the Internet Archive. *See Johnston v. Hidden Cove Prop. Owners Ass'n LLC*, No. 47642-8-II, 2016 WL 3965170, at *7 (Wash. App. July 19, 2016) (holding entity not vicariously liable for individual officer's actions or charged with her knowledge where she pursued personal objectives outside her role as treasurer while serving as treasurer).

For all of these reasons, Plaintiffs' allegations are inadequate to impute Mr. Kahle's supposed knowledge concerning the Great 78 Project to the Foundation. *Deep Water Brewing*, 152 Wash. App. at 268-69; *see also Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-CV-00538-MCE-CMK, 2017 WL 385922, at *5 (E.D. Cal. Jan. 24, 2017) (concluding at motion to dismiss stage that board member's knowledge should not be imputed to the bank because agency relationship did not apply in the specific circumstances).

*Third*, Plaintiffs' knowledge allegations lack the requisite specificity. Absent entirely from the Complaint are any factual allegations that the Foundation—by virtue of its connection to Mr. Kahle or otherwise—was aware of specific acts or examples of infringement. *See Davis v. Pinterest, Inc.*, No. 19-CV-07650-HSG, 2021 WL 879798, at *3 (N.D. Cal. Mar. 9, 2021) (dismissing contributory infringement allegations where no factual allegations defendant "knew or had reason to know" of "specific" "examples" and "acts" of infringement). At most, assuming Plaintiffs have sufficiently alleged that Mr. Kahle's knowledge may be imputed to the Foundation, Plaintiffs have pleaded that the Foundation had generalized knowledge of the "possibility of infringement." *See* Compl. ¶¶ 11, 31, 60, 61 (alleging that Kahle and "by extension" the Foundation "understood" the MMA made it unlawful to "reproduce, distribute, and publicly perform *pre-1972 sound recordings*" (emphasis added)), 76 ("By virtue of Kahle's central role at both Internet Archive and the Foundation, the Foundation knew *Internet Archive's activities* were infringing and knew that Internet Archive was using the Foundation's funds to

11

1  support infringement." (emphasis added)).  That is not enough for a contributory infringement claim to
2  survive a motion to dismiss.  *See Luvdarts,* 710 F.3d at 1072 (affirming dismissal of contributory
3  infringement claim because plaintiffs failed to allege adequately that defendants had the necessary
4  specific knowledge of infringement).

### C. Amending the Complaint Is Futile.

Leave to amend need not be allowed if amendment would be futile.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007–08 (9th Cir. 2009), *as amended* (Feb. 10, 2009).  Here, granting leave to amend would be futile because it is impossible for Plaintiffs to cure the deficiencies of their "material contribution" allegations.  *Cf. Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying leave to amend to allow plaintiff to add contributory dilution claim where "legal basis" for cause of action was "tenuous").  Plaintiffs cannot allege that the Foundation did more than merely donate to the Internet Archive.  Accordingly, the Court should dismiss the contributory infringement allegation against the Foundation without leave to amend.

### V. CONCLUSION

For all the foregoing reasons, the Foundation respectfully requests this Court grant its motion to dismiss without leave to amend, as amendment would be futile.

DATED: January 26, 2024                    Respectfully submitted,

                                           CONRAD | METLITZKY | KANE LLP


                                           */s/ Jessica E. Lanier*
                                           MARK R. CONRAD
                                           JESSICA E. LANIER

                                           *Attorneys for Defendant Kahle-Austin Foundation*