**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
 *andrew.gass@lw.com*
Joseph R. Wetzel (Bar No. 238008)
 *joe.wetzel@lw.com*
 505 Montgomery Street, Suite 2000
 San Francisco, CA 94111
 (415) 391-0600

Allison L. Stillman (*pro hac vice*)
 *alli.stillman@lw.com*
 1271 Avenue of the Americas
 New York, NY 10020
 (212) 906-1200

*Attorneys for Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC, <br><br> *Plaintiffs*, <br><br> v. <br><br> INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD L.P., <br><br> *Defendants*. | Case No. 3:23-cv-06522-MMC <br><br> **DEFENDANTS INTERNET ARCHIVE, KAHLE, BLOOD, AND GEORGE BLOOD L.P.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P. ("Internet Archive Defendants"), by and through its undersigned counsel, hereby respectfully demand a trial by jury on all issues so triable and submit this Answer and these Defenses in response to the Amended Complaint filed by UMG Recordings, Inc., Capitol Records, LLC, Concord Bicycle Assets, LLC, CMGI Recorded Music Assets LLC, Sony Music Entertainment, and Arista Music (collectively, "Plaintiffs").  To the extent not specifically admitted herein, the allegations of the Amended Complaint are denied.  The Internet Archive Defendants specifically deny that they have caused Plaintiffs to suffer any harm, losses, or damages.  The Internet Archive Defendants deny any allegations that may be implied by the headings of the Amended Complaint.  The Internet Archive Defendants decline to adopt or acknowledge as accurate any defined terms in Plaintiffs' Amended Complaint to the extent they constitute allegations directed at the Defendants.  The Internet Archive Defendants reserve the right to challenge the authenticity or admissibility of all sources and documents referred to or purportedly quoted by Plaintiffs in the Amended Complaint.

## NATURE OF THE ACTION

1.      Paragraph 1 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that the Amended Complaint purports to be an action arising under the copyright laws of the United States.  The Internet Archive Defendants deny the remaining allegations of paragraph 1 of the Amended Complaint.

2.      Paragraph 2 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 2 of the Amended Complaint.

3.      Paragraph 3 contains legal conclusions to which no answer is required.  With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations. The Internet Archive Defendants deny the remaining allegations of paragraph 3 of the Amended Complaint.

4.      Paragraph 4 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 4 of the Amended Complaint.

5.      The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 5, and on that basis, deny them.

6.      Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that Congress enacted the Music Modernization Act in 2018.

7.      The Internet Archive Defendants deny the characterization of the "Great 78 Project" as incomplete and/or ambiguous.  The Internet Archive Defendants admit that the 78 rpm records are phonographic records designed to be played at a speed of approximately 78 revolutions per minute,  and that the 78 rpm record was the industry-standard record format from the early 1900s until the 1950s.  The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 7, and on that basis, deny them.

8.      Paragraph 8 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that the Internet Archive created and operates the web page for the Great 78 Project, available at https://great78.archive.org/.  The Internet Archive Defendants admit that, as of May 29, 2024, the Internet Archive website states that the Great 78 Project is a "project for the preservation, research, and discovery of 78rpm [sic] records."  The Internet Archive Defendants deny the remaining allegations of paragraph 8 of the Amended Complaint.

9.      Paragraph 9 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 9 of the Amended Complaint.

10.      Paragraph 10 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that Brewster Kahle is the founder and Chair of the Board of the Internet Archive.  The Internet Archive Defendants deny the remaining allegations of paragraph 10 of the Amended Complaint.

1      11.    Paragraph 11 contains legal conclusions to which no answer is required.  To the

2  extent an answer is required, the Internet Archive Defendants admit that Brewster Kahle is the

3  president and principal funder of the Kahle/Austin Foundation.  The Internet Archive Defendants

4  deny the remaining allegations of paragraph 11 of the Amended Complaint.

5      12.    The Internet Archive Defendants admit that George Blood is a professional audio

6  engineer with experience in preserving and digitizing physical vinyl records.  The Internet Archive

7  Defendants admit that George Blood offers those services through his company, George Blood,

8  L.P. ("GBLP").  The Internet Archive Defendants admit that Internet Archive engaged GBLP.

9  The Internet Archive Defendants deny the remaining allegations of paragraph 12 of the Amended

10  Complaint.

11      13.    Paragraph 13 contains legal conclusions to which no answer is required.  To the

12  extent an answer is required, the Internet Archive Defendants admit that Internet Archive and

13  Brewster Kahle were plaintiffs in *Kahle v. Gonzalez*, 487 F.3d 697 (9th Cir. 2007).  The Internet

14  Archive Defendants admit that Internet Archive filed the following amicus curiae briefs in support

15  of petitioners in *Eldred v. Ashcroft*, 537 U.S. 186 (2003) (No. 01-618): *Brief of Amicus Curiae the*

16  *Internet Archive in Support of Petitioners*; *Brief of Amici Curiae the Internet Archive, Prelinger*

17  *Archives, and Project Gutenberg Literary Archive Foundation in Support of Petitioners*.  With

18  respect to allegations that purport to quote from, describe, or paraphrase legal proceedings or

19  amicus curiae briefs, the Internet Archive Defendants refer to those sources for the accuracy and

20  completeness of the quotations.  The Internet Archive Defendants deny the remaining allegations

21  of paragraph 13 of the Amended Complaint.

22      14.    Paragraph 14 contains legal conclusions to which no answer is required.  To the

23  extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 14

24  of the Amended Complaint.

25      15.    Paragraph 15 contains legal conclusions to which no answer is required.  To the

26  extent an answer is required, the Internet Archive Defendants admit that Internet Archive was a

27  plaintiff in *Hachette Book Group, et al. v. Internet Archive, et al.*, 20-cv-4160 (JGK), 2023 WL

28  2623787 (S.D.N.Y. Mar. 24, 2023).  With respect to allegations that purport to quote from,

describe, or paraphrase legal proceedings, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the information therein.  The Internet Archive Defendants deny the remaining allegations of paragraph 15 of the Amended Complaint.

16.    Paragraph 16 contains legal conclusions to which no answer is required.  With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations. The Internet Archive Defendants deny the remaining allegations of paragraph 16 of the Amended Complaint.

17.    Paragraph 17 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 17 of the Amended Complaint.

18.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 18, and on that basis, deny them.

19.    Paragraph 19 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 19 of the Amended Complaint.

20.    Paragraph 20 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 20 of the Amended Complaint.

**<u>PLAINTIFFS AND THEIR LEGALLY PROTECTED MUSIC</u>**

21.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 21, and on that basis, deny them.

22.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 22, and on that basis, deny them.

23.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 23, and on that basis, deny them.

24.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 24, and on that basis, deny them.

1    25.    The Internet Archive Defendants are without knowledge or information sufficient

2    to admit or deny the allegations of paragraph 25, and on that basis, deny them.

3    26.    The Internet Archive Defendants are without knowledge or information sufficient

4    to admit or deny the allegations of paragraph 26, and on that basis, deny them.

5    27.    The Internet Archive Defendants are without knowledge or information sufficient

6    to admit or deny the allegations of paragraph 27, and on that basis, deny them.

7    28.    Paragraph 28 contains legal conclusions to which no answer is required.  To the

8    extent an answer is required, the Internet Archive Defendants are without knowledge or

9    information sufficient to admit or deny the allegations of paragraph 28, and on that basis, deny

10   them.

11                                  **DEFENDANTS**

12   29.    The Internet Archive Defendants admit that Internet Archive is a not-for-profit

13   corporation organized under the laws of California with its headquarters at 300 Funston Avenue,

14   San Francisco, CA 94118.  The Internet Archive Defendants admit that Internet Archive is

15   registered with the New York Department of State to transact business and accept service of

16   process within the State of New York.

17   30.    The Internet Archive Defendants, with the exception of Brewster Kahle,   are

18   without knowledge or information sufficient to admit or deny the allegations of paragraph 30, and

19   on that basis, deny them.  Brewster Kahle admits that the Kahle/Austin Foundation is a Washington

20   non-profit corporation organized under the laws of Washington which has been associated with

21   addresses at 319 Main Street, Biddeford, ME 04005-2354 and 513 Simonds Loop, San Francisco,

22   CA 94129-1787.

23   31.    The Internet Archive Defendants admit that Brewster Kahle resides in San

24   Francisco, CA, that Mr. Kahle is the founder and Chair of the Board of the Internet Archive, and

25   that Mr. Kahle is the president of the Kahle/Austin Foundation.

26   32.    The Internet Archive Defendants admit that George Blood, L.P. is a limited

27   partnership organized under the laws of Pennsylvania with its headquarters at 21 W. Highland

28   Avenue, Philadelphia, PA 19118, and its principal place of business at 502 W. Office Center Drive,

Fort Washington, PA 19034.  The Internet Archive Defendants admit that GBLP provides archival audio and moving image services, including digitizing audio, video, and film media, and migrating data from legacy formats.

33.     The Internet Archive Defendants admit that George Blood resides in or around Philadelphia, PA.  The Internet Archive Defendants admit that Mr. Blood is the president and owner of GBLP.

## JURISDICTION AND VENUE

34.     Paragraph 34 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that the Amended Complaint purports to be an action arising under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and the Music Modernization Act, 17 U.S.C. § 1401.  The Internet Archive Defendants deny that there is any legal or factual basis for such an action.

35.     Paragraph 35 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that the Amended Complaint purports to be an action arising under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and the Music Modernization Act, 17 U.S.C. § 1401 and that on that basis, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The Internet Archive Defendants deny that there is any legal or factual basis for such an action.

36.     Paragraph 36 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny that this Court has personal jurisdiction over Internet Archive pursuant to § 302 of New York's Civil Practice Law & Rules.  The Internet Archive Defendants admit that Internet Archive is registered with the New York Department of State to transact business and accept service of process within the State of New York.  The Internet Archive Defendants deny the remaining allegations of paragraph 36 of the Amended Complaint.

37.     Paragraph 37 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 37 of the Amended Complaint.

38.     The Internet Archive Defendants admit that the Internet Archive receives monetary donations and donations of records from donors nationwide and internationally.  With respect to allegations that purport to quote from, describe, or paraphrase public filings, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the information therein. The Internet Archive Defendants deny the remaining allegations of paragraph 38 of the Amended Complaint.

39.     Paragraph 39 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that Brewster Kahle is the founder and Chair of the Board of the Internet Archive and shares in the decision-making, execution of, and control, of Internet Archive's business.  The Internet Archive Defendants, with the exception of Brewster Kahle,  are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 39, and on that basis, deny them.  Brewster Kahle admits that he founded Wide Area Information Server (WAIS), which was sold to America OnLine, and Alexa Internet, which was sold to Amazon.com in 1999.  Brewster Kahle denies the remaining allegations of paragraph 39 of the Amended Complaint.

40.     Paragraph 40 contains legal conclusions to which no answer is required.  With respect to allegations that purport to quote from, describe, or paraphrase public filings, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the information therein.  To the extent an answer is required, the Internet Archive Defendants, with the exception of Brewster Kahle, are without knowledge or information sufficient to admit or deny the allegations of paragraph 40, and on that basis, deny them.  Brewster Kahle admits that the Kahle/Austin Foundation has received donations from the Kahle/Austin Revocable Trust. Brewster Kahle denies the remaining allegations of paragraph 40 of the Amended Complaint.

41.     Paragraph 41 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that, as of May, 29, 2024, GBLP's website states: "George Blood LP is a nationally recognized provider of archival audio and moving image preservation" and "[W]e meet the needs of our various clients in libraries, museums, archives, corporations, and private collections across the country."  *Careers*, George

Blood LP, https://www.georgeblood.com/careers.  The Internet Archive Defendants admit that GBLP is located in Pennsylvania and that Internet Archive is located in California.  The Internet Archive Defendants admit that Internet Archive has paid GBLP for its services.  With respect to allegations that purport to quote from, describe, or paraphrase public tax filings, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the information therein.  The Internet Archive Defendants deny the remaining allegations of paragraph 41 of the Amended Complaint.

42.     Paragraph 42 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants admit that, as of May, 29, 2024, GBLP's website states: "For more than 35 years George Blood has been delivering professional audio services to musicians, composers, universities, libraries, corporations, and individual clients, both nationally and internationally." *Experience*, George Blood LP, https://www.georgeblood.com/experience.  The Internet Archive Defendants deny the remaining allegations of paragraph 42 of the Amended Complaint.

43.     For purposes of this action only, the Internet Archive Defendants admit that venue is proper in this District.  Paragraph 43 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the remaining allegations of paragraph 43 of the Amended Complaint.

## FACTUAL BACKGROUND

**A.**     **In 2018, Congress extended federal protection to pre-1972 sound recordings**

44.     Paragraph 44 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 44 of the Amended Complaint.

45.     Paragraph 45 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 45 of the Amended Complaint.  The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 45, and on that basis, deny them.

46.     Paragraph 46 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 46 of the Amended Complaint

**B.      Internet Archive built a mass infringement platform that flouts the Music Modernization Act.**

47.     The Internet Archive Defendants admit that Brewster Kahle founded Internet Archive in 1996, and that Internet Archive provides a number of services not at issue in this action. With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.

48.     The Internet Archive Defendants admit that the Great 78 Project includes creating digital copies of sound recordings fixed in physical 78 rpm records.  The Internet Archive Defendants deny the remaining allegations of paragraph 48 of the Amended Complaint.

49.     The Internet Archive Defendants admit that Internet Archive uploads digital copies of recordings as items onto the Great 78 Project website.  The Internet Archive Defendants admit that each item available on the website has a separate webpage that shows metadata information, including the item's contributor and uploader.  The Internet Archive Defendants admit that each item available on the website has an audio player, and that there is no limit to the number of times a user can play an item for free.  The Internet Archive Defendants admit that each item available on the website has links to download the item, and that there is no limit to the number of times a user can download an item for free.  The Internet Archive Defendants deny the remaining allegations of paragraph 49.

50.     The Internet Archive Defendants admit that the screenshot shown in paragraph 50 of the Amended Complaint purports to be a screenshot of a Great 78 Project webpage for the sound recording, "White Christmas," recorded by Bing Crosby, with a publication date in 1942 by Decca Records.  The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 50, and on that basis, deny them.

51.     With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.   The Internet Archive Defendants deny the remaining allegations of paragraph 51 of the Amended Complaint.

52.     The Internet Archive Defendants admit that the Internet Archive controlled a Twitter/X account (@great78project).   The Internet Archive Defendants deny the remaining allegations of paragraph 52 of the Amended Complaint.

53.     The Internet Archive Defendants admit that the Internet Archive controlled an account on the Mastodon platform.   The Internet Archive Defendants deny the remaining allegations of paragraph 53 of the Amended Complaint.

54.     The Internet Archive Defendants admit that Brewster Kahle and George Blood have spoken at conferences, appeared on podcasts and radio shows, and given interviews to journalists regarding the Great 78 Project.  The Internet Archive Defendants deny the remaining allegations of paragraph 54 of the Amended Complaint.

55.     The Internet Archive Defendants admit that the Internet Archive solicits record donations.  The Internet Archive Defendants admit that the Great 78 Project's website contains a statement regarding donation of 78 rpm records and links to a page with donation instructions. The Internet Archive Defendants deny the remaining allegations of paragraph 55 of the Amended Complaint.

56.     The Internet Archive Defendants admit that the Internet Archive solicits monetary donations on its website.  With respect to allegations that purport to quote from, describe, or paraphrase the website, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.

57.     The Internet Archive Defendants admit that paragraph 57 of the Amended Complaint contains a screenshot purportedly showing a banner from a web page for the Great 78 Project.  The Internet Archive Defendants deny the remaining allegations of paragraph 57 of the Amended Complaint.

58.     Paragraph 58 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 58 of the Amended Complaint.

59.     The Internet Archive Defendants admit that the Internet Archive has not filed any notices of non-commercial use with the Copyright Office.  Paragraph 59 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the remaining allegations of paragraph 59 of the Amended Complaint.

60.     The Internet Archive Defendants admit that a blog post dated October 15, 2018, titled "The Music Modernization Act is now law which means some pre-1972 music goes public" by Jeff Kaplan was posted on the Internet Archive blog and that that a tweet dated October 15, 2018, on the Twitter account (@brewster_kahle) included a link to the blog post.  With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.   Paragraph 60 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the remaining allegations of paragraph 60 of the Amended Complaint.

61.     The Internet Archive Defendants admit that Brewster Kahle delivered a presentation at the Association for Recorded Sound Collection's 2019 annual conference titled, "Music Modernization Act 2018.  How it did not go wrong, and even went pretty right."  With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.  The Internet Archive Defendants deny the remaining allegations of paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 62 of the Amended Complaint.

C.     **Defendants' infringement is of staggering scale.**

63.     The Internet Archive Defendants admit that the Great 78 Project contains more than 400,000 items, some of which were digitized by GBLP.  The Internet Archive Defendants admit

that a post dated October 16, 2017 on georgeblood.com, stated that "[t]his community effort seeks to digitize all 3 million minted sides (~3 minute recordings) published on 78 rpm discs from about 1898 to the 1950s."  With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.  Paragraph 63 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the remaining allegations of paragraph 63 of the Amended Complaint.

64.     The Internet Archive Defendants admit that a recording was available on the Great 78 Project website at https://archive.org/details/78_white-christmas_irving-berlin-bingcrosby-ken-darby-singers-john-scott-trotter-and_gbia0000275a.  The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 64, and on that basis, deny them.

65.     The Internet Archive Defendants admit that a recording, was available on the Great 78 Project website at https://archive.org/details/78_young-at-heart_frank-sinatra-nelson-riddle-johnny-richards-carolyn-leigh_gbia0012315a.  The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 65, and on that basis, deny them.

66.     The Internet Archive Defendants admit that a recording was available on the Great 78 Project website at https://archive.org/details/78_saturday-night-is-the-loneliest-night-in-the-week_frank-sinatra-axel-stordahl-cah_gbia0017538a.  The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 66, and on that basis, deny them.

67.     The Internet Archive Defendants admit that a recording was available on the Great 78 Project website at https://archive.org/details/78_potato-head-blues_louis-armstrong-and-his-hot-seven-armstrong_gbia0261792a.  The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 67, and on that basis, deny them.

1    68.    The Internet Archive Defendants admit that  a recording was available on the Great

2    78 Project website at https://archive.org/details/78_monks-dream_thelonious-monk-trio-

3    thelonius-monk-art-blakey-gary-mapp-monk_gbia0254273b.   The Internet Archive Defendants

4    are without knowledge or information sufficient to admit or deny the remaining allegations of

5    paragraph 68, and on that basis, deny them.

6    69.    The Internet Archive Defendants deny the allegations of paragraph 69 of the

7    Amended Complaint.

8    **D.     Brewster Kahle oversees and directs Internet Archive's infringement**

9    70.    The Internet Archive Defendants admit that Brewster Kahle is Internet Archive's

10   founder and Chair of the Board.  The Internet Archive Defendants admit that Mr. Kahle works 40

11   hours per week for Internet Archive.  Paragraph 70 contains legal conclusions to which no answer

12   is required.   To the extent an answer is required, the Internet Archive Defendants deny the

13   remaining allegations of paragraph 70 of the Amended Complaint.

14   71.    The Internet Archive Defendants admit that Brewster Kahle was involved in the

15   Great 78 Project's operations.  With respect to allegations that purport to quote from, describe, or

16   paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy

17   and completeness of the information therein.

18   72.    The Internet Archive Defendants admit that Brewster Kahle is involved in the Great

19   78 Project's operations.  The Internet Archive Defendants admit that a blog post was posted by

20   Brewster Kahle on brewster.kahle.org dated October 2, 2022 titled "Pythonistas: Up for quick hack

21   to test Dedup'ing 78rpm records using document clustering."  The Internet Archive Defendants

22   admit that a blog post dated December 6, 2020, was posted by Brewster Kahle on the Internet

23   Archive blog titled "Discogs Thank You!  A commercial community site with bulk data access."

24   The Internet Archive Defendants admit that that a blog post dated July 14, 2019 was posted by

25   Brewster Kahle on the Internet Archive blog titled "Correct Metadata is Hard: a Lesson from the

26   Great 78 Project."  With respect to allegations that purport to quote from, describe, or paraphrase

27   other sources, the Internet Archive Defendants refer to those sources for the accuracy and

28   completeness of the quotations.

73.     The Internet Archive Defendants admit that Brewster Kahle advocates for the Great 78 Project.  With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.

74.     With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.  The Internet Archive Defendants deny the remaining allegations of paragraph 74 of the Amended Complaint.

      **E.**     **The Kahle/Austin Foundation sponsors Internet Archive's infringement.**

75.     The Internet Archive Defendants, with the exception of Brewster Kahle, are without knowledge or information sufficient to admit or deny the allegations of paragraph 75, and on that basis, deny them.  Brewster Kahle admits that he and his wife established the Kahle/Austin Foundation.  With respect to allegations that purport to quote from, describe, or paraphrase public tax filings, Brewster Kahle refers to those sources for the accuracy and completeness of the information therein.  Brewster Kahle denies the remaining allegations of Paragraph 75.

76.     Paragraph 76 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 76 of the Amended Complaint.

      **F.**     **Defendants knew their conduct was infringing.**

77.     Paragraph 77 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 77.  With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.

78.     The Internet Archive Defendants deny the allegations of paragraph 78 of the Amended Complaint.

79.     The Internet Archive Defendants admit that the Internet Archive and  Brewster Kahle received a letter dated June 10, 2020, from Senator Thom Tillis.  With respect to allegations

1   that purport to quote from, describe, or paraphrase the letter, the Internet Archive Defendants refer

2   to the letter for the accuracy and completeness of the quotations.  Paragraph 79 contains legal

3   conclusions to which no answer is required.  To the extent an answer is required, the Internet

4   Archive Defendants deny the remaining allegations of paragraph 79 of the Amended Complaint.

5          80.    The Internet Archive Defendants admit that the Internet Archive and Brewster

6   Kahle received a letter dated July 22, 2020, from the Recording Industry Association of America

7   ("RIAA").  With respect to allegations that purport to quote from, describe, or paraphrase the letter,

8   the Internet Archive Defendants refer to the letter for the accuracy and completeness of the

9   quotations.

10         81.    Paragraph 81 contains legal conclusions to which no answer is required.  To the

11  extent an answer is required, the Internet Archive Defendants admit that Brewster Kahle responded

12  to the RIAA by email.  With respect to allegations that purport to quote from, describe, or

13  paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy

14  and completeness of the quotations.  The Internet Archive Defendants deny the remaining

15  allegations of paragraph 81 of the Amended Complaint.

16         82.    The Internet Archive Defendants admit that the Internet Archive received a letter

17  from RIAA on July 22, 2020, and that the Internet Archive did not remove recordings in response

18  to the letter  prior to Plaintiffs' identifying specific recordings they wanted removed.  The Internet

19  Archive Defendants deny the remaining allegations of paragraph 82 of the Amended Complaint.

20         83.    The Internet Archive Defendants admit that a tweet dated April 25, 2021, from the

21  Internet Archive (@internetarchive) Twitter account stated that "After scanning 250,000 sides,

22  we've found 80% of these #78s were produced by the 'Big Five' labels."  The Internet Archive

23  Defendants are without knowledge or information sufficient to admit or deny the remaining

24  allegations of paragraph 83, and on that basis, deny them.

25         84.    Admitted.

26         85.    The Internet Archive Defendants admit that, as of May 29, 2024, the Unlocked

27  Collection page states that "[a] reasonable search has been conducted to determine that these items

28  are not commercially available."  The Internet Archive Defendants admit that the Internet Archive

has not filed a notice of non-commercial use with the Copyright Office regarding the Unlocked Collection recordings.   The Internet Archive Defendants deny the remaining allegations of paragraph 85 of the Amended Complaint.

86.   Paragraph 86 contains legal conclusions to which no answer is required.   To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 86 of the Amended Complaint.

87.   The Internet Archive Defendants admit that users have posted messages on its forum.   With respect to allegations that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the quotations.    The Internet Archive Defendants deny the remaining allegations of paragraph 87 of the Amended Complaint.

88.   Admitted.

89.   Paragraph 89 contains legal conclusions to which no answer is required.   To the extent an answer is required, the Internet Archive Defendants admit that they have not filed notices of noncommercial use for the Sound Recordings identified in Exhibit A to the Amended Complaint.  The Internet Archive Defendants deny the remaining allegations of paragraph 89 of the Amended Complaint.

90.   The Internet Archive Defendants admit that GBLP worked with Internet Archive in relation to the Great 78 Project.   The Internet Archive Defendants admit that, as of May 29, 2024, GBLP's "Projects" webpage links to the Great 78 Project website.   The Internet Archive Defendants admit that, as of May 29, 2024, a web page of the Great 78 Project links to www.georgeblood.com.   With respect to allegations that purport to quote from, describe, or paraphrase tax filings, the Internet Archive Defendants refer to those sources for the accuracy and completeness of the information therein.   The Internet Archive Defendants deny the remaining allegations of paragraph 90 of the Amended Complaint.

91.   The Internet Archive Defendants admit that George Blood recorded a video for Internet Archive regarding the Great 78 Project.   With respect to allegations that purport to quote

ANSWER TO AMENDED COMPL.
Case No. 3:23-cv-06522-MMC

1   from, describe, or paraphrase other sources, the Internet Archive Defendants refer to those sources

2   for the accuracy and completeness of the quotations.

3       92.    The Internet Archive Defendants admit that Internet Archive and George Blood

4   communicated over Twitter and elsewhere about the Great 78 Project.  With respect to allegations

5   that purport to quote from, describe, or paraphrase other sources, the Internet Archive Defendants

6   refer to those sources for the accuracy and completeness of the quotations.

7   **G.**    **Defendants' infringement has significantly harmed Plaintiffs.**

8       93.    Paragraph 93 contains legal conclusions to which no answer is required.  To the

9   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 93

10   of the Amended Complaint.

11   **CLAIMS FOR RELIEF**

12   **FIRST CAUSE OF ACTION**
     **Infringing Reproduction against Internet Archive, Blood, and GBLP**

13

14       94.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-

15   93 as though fully set forth herein.

16       95.    The Internet Archive Defendants are without knowledge or information sufficient

17   to admit or deny the allegations of paragraph 95, and on that basis, deny them.

18       96.    Paragraph 96 contains legal conclusions to which no answer is required.  To the

19   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 96

20   of the Amended Complaint.

21       97.    Paragraph 97 contains legal conclusions to which no answer is required.  To the

22   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 97

23   of the Amended Complaint.

24       98.    Paragraph 98 contains legal conclusions to which no answer is required.  To the

25   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 98

26   of the Amended Complaint.

27

28

99.     Paragraph 99 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 99 of the Amended Complaint.

100.     Paragraph 100 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 100 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled to any damages.

101.     Paragraph 101 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 101 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees or costs.

102.     Paragraph 102 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 102 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive relief.

## SECOND CAUSE OF ACTION
### Infringing Reproduction and Distribution against Internet Archive

103.     The Internet Archive Defendants incorporate each of its responses to paragraphs 1-94 as though fully set forth herein.

104.     The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 104, and on that basis, deny them.

105.     Paragraph 105 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 105 of the Amended Complaint.

106.     Paragraph 106 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 106 of the Amended Complaint.

1    107.    Paragraph 107 contains legal conclusions to which no answer is required.  To the

2    extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

3    107 of the Amended Complaint.

4    108.    Paragraph 108 contains legal conclusions to which no answer is required.  To the

5    extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

6    108 of the Amended Complaint.

7    109.    Paragraph 109 contains legal conclusions to which no answer is required.  To the

8    extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

9    109 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled

10   to any damages.

11   110.    Paragraph 110 contains legal conclusions to which no answer is required.  To the

12   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

13   110 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees

14   or costs.

15   111.    Paragraph 111 contains legal conclusions to which no answer is required.  To the

16   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

17   111 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive

18   relief.

19   **THIRD CAUSE OF ACTION**

**Infringing Public Performance by Means of a Digital Audio Transmission**
20   **against Internet Archive**

21   112.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-

22   94 as though fully set forth herein.

23   113.    The Internet Archive Defendants are without knowledge or information sufficient

24   to admit or deny the allegations of paragraph 113, and on that basis, deny them.

25   114.    Paragraph 114 contains legal conclusions to which no answer is required.  To the

26   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

27   114 of the Amended Complaint.

28

115.    Paragraph 115 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 115 of the Amended Complaint.

116.    Paragraph 116 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 116 of the Amended Complaint.

117.    Paragraph 117 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 117 of the Amended Complaint.

118.    Paragraph 118 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 118 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled to any damages.

119.    Paragraph 119 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 119 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees or costs.

120.    Paragraph 120 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 120 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive relief.

## FOURTH CAUSE OF ACTION
### Contributory Infringement against Internet Archive

121.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-94 as though fully set forth herein.

122.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 122, and on that basis, deny them.

123.     Paragraph 123 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 123 of the Amended Complaint.

124.     Paragraph 124 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 124 of the Amended Complaint.

125.     Paragraph 125 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 125 of the Amended Complaint.

126.     Paragraph 126 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 126 of the Amended Complaint.

127.     Paragraph 127 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 127 of the Amended Complaint.

128.     Paragraph 128 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 128 of the Amended Complaint.

129.     Paragraph 129 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 129 of the Amended Complaint.

130.     Paragraph 130 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 130 of the Amended Complaint.

131.     Paragraph 131 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 131 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled to any damages.

132.    Paragraph 132 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 132 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees or costs.

133.    Paragraph 133 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 133 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive relief.

134.    Paragraph 134 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants  are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 134, and on that basis, deny them.

## FIFTH CAUSE OF ACTION
### Inducement of Infringement against Internet Archive

135.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-94 as though fully set forth herein.

136.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 136, and on that basis, deny them.

137.    Paragraph 137 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 137 of the Amended Complaint.

138.    Paragraph 138 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 138 of the Amended Complaint.

139.    Paragraph 139 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 139 of the Amended Complaint.

1    140.    Paragraph 140 contains legal conclusions to which no answer is required.  To the

2    extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

3    140 of the Amended Complaint.

4    141.    Paragraph 141 contains legal conclusions to which no answer is required.  To the

5    extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

6    141 of the Amended Complaint.

7    142.    Paragraph 142 contains legal conclusions to which no answer is required.  To the

8    extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

9    142 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled

10   to any damages.

11   143.    Paragraph 143 contains legal conclusions to which no answer is required.  To the

12   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

13   143 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees

14   or costs.

15   144.    Paragraph 144 contains legal conclusions to which no answer is required.  To the

16   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

17   144 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive

18   relief.

19   145.    Paragraph 145 contains legal conclusions to which no answer is required.  To the

20   extent an answer is required, the Internet Archive Defendants are without knowledge or

21   information sufficient to admit or deny the remaining allegations of paragraph 145, and on that

22   basis, deny them,.

23   **<u>SIXTH CAUSE OF ACTION</u>**

24   **Vicarious Infringement against Internet Archive**

     146.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-

25   94 as though fully set forth herein.

26   147.    The Internet Archive Defendants are without knowledge or information sufficient

27   to admit or deny the allegations of paragraph 147, and on that basis, deny them.

28

148.     Paragraph 148 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 148 of the Amended Complaint.

149.     Paragraph 149 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 149 of the Amended Complaint.

150.     Paragraph 150 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 150 of the Amended Complaint.

151.     Paragraph 151 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 151 of the Amended Complaint.

152.     Paragraph 152 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 152 of the Amended Complaint.

153.     Paragraph 153 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 153 of the Amended Complaint.

154.     Paragraph 154 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 154 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled to any damages.

155.     Paragraph 155 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 155 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees or costs.

156.     Paragraph 156 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

156 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive relief.

157.    Paragraph 157 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 157, and on that basis, deny them.

**SEVENTH CAUSE OF ACTION**
**Contributory Infringement against Kahle**

158.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-94 as though fully set forth herein.

159.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 159, and on that basis, deny them.

160.    Paragraph 160 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 160 of the Amended Complaint.

161.    Paragraph 161 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 161 of the Amended Complaint.

162.    Paragraph 162 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 162 of the Amended Complaint.

163.    Paragraph 163 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 163 of the Amended Complaint.

164.    Paragraph 164 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 164 of the Amended Complaint.

165.    Paragraph 165 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 165 of the Amended Complaint.

166.    Paragraph 166 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 166 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled to any damages.

167.    Paragraph 167 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 167 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees or costs.

168.    Paragraph 168 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 168 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive relief.

## EIGHTH CAUSE OF ACTION
### Contributory Infringement against the Foundation

169.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-94 as though fully set forth herein.

170.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 170, and on that basis, deny them.

171.    Paragraph 171 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 171 of the Amended Complaint.

172.    Paragraph 172 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 172 of the Amended Complaint.

173.     Paragraph 173 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 173 of the Amended Complaint.

174.     Paragraph 174 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 174 of the Amended Complaint.

175.     Paragraph 175 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 175 of the Amended Complaint.

176.     Paragraph 176 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 176 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled to any damages.

177.     Paragraph 177 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 177 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees or costs.

178.     Paragraph 178 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 178 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive relief.

## NINTH CAUSE OF ACTION
### Contributory Infringement against Blood and GBLP

179.     The Internet Archive Defendants incorporate each of its responses to paragraphs 1-94 as though fully set forth herein.

180.     The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 180, and on that basis, deny them.

1   181.   Paragraph 181 contains legal conclusions to which no answer is required.  To the

2   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

3   181 of the Amended Complaint.

4   182.   Paragraph 182 contains legal conclusions to which no answer is required.  To the

5   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

6   182 of the Amended Complaint.

7   183.   Paragraph 183 contains legal conclusions to which no answer is required.  To the

8   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

9   183 of the Amended Complaint.

10   184.   Paragraph 184 contains legal conclusions to which no answer is required.  To the

11   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

12   184 of the Amended Complaint.

13   185.   Paragraph 185 contains legal conclusions to which no answer is required.  To the

14   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

15   185 of the Amended Complaint.

16   186.   Paragraph 186 contains legal conclusions to which no answer is required.  To the

17   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

18   186 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled

19   to any damages.

20   187.   Paragraph 187 contains legal conclusions to which no answer is required.  To the

21   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

22   187 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees

23   or costs.

24   188.   Paragraph 188 contains legal conclusions to which no answer is required.  To the

25   extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

26   188 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive

27   relief.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>TENTH CAUSE OF ACTION</u>**
**Vicarious Infringement against Blood**

189.    The Internet Archive Defendants incorporate each of its responses to paragraphs 1-94 as though fully set forth herein.

190.    The Internet Archive Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 190, and on that basis, deny them.

191.    Paragraph 191 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 191 of the Amended Complaint.

192.    Paragraph 192 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 192 of the Amended Complaint.

193.    Paragraph 193 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 193 of the Amended Complaint.

194.    Paragraph 194 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 194 of the Amended Complaint.

195.    Paragraph 195 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 195 of the Amended Complaint.

196.    Paragraph 196 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph 196 of the Amended Complaint, and specifically deny that Plaintiffs have suffered or are entitled to any damages.

197.    Paragraph 197 contains legal conclusions to which no answer is required.  To the extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

1  197 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to attorneys' fees

2  or costs.

3         198.    Paragraph 198 contains legal conclusions to which no answer is required.  To the

4  extent an answer is required, the Internet Archive Defendants deny the allegations of paragraph

5  198 of the Amended Complaint, and specifically deny that Plaintiffs are entitled to injunctive

6  relief.

7  **PRAYER FOR RELIEF**

8        In response to the Prayer for Relief, the Internet Archive Defendants deny that Plaintiffs

9  are entitled to the requested relief, or to any relief whatsoever.

10  **DEFENSES**

11        The Internet Archive Defendants assert at least the following defenses in response to the

12  allegations in the Amended Complaint, undertaking the burden of proof only as to those defenses

13  deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In

14  addition, the Internet Archive Defendants reserve all rights to assert additional defenses, including

15  affirmative defenses, that become known through the course of discovery.

16  **FIRST DEFENSE**<br>**Failure to State a Claim**

17        The Amended Complaint fails to state a claim upon which relief can be granted.

18  **SECOND DEFENSE**<br>**Fair Use**

19

20        To the extent there was any use of Plaintiffs' copyrighted materials, such use is protected

21  by the Fair Use Doctrine, including under 17 U.S.C. §§ 107 and 1401.

22  **THIRD DEFENSE**<br>**No Statutory Damages**

23

24        Pursuant to 17 U.S.C. § 504(c)(2), Plaintiffs are not entitled to statutory damages, and

25  statutory damages must be remitted, because the Internet Archive believed and had reasonable

26  grounds for believing that the accused use of the copyrighted work was a fair use, including under

27  sections 107 and 1401, and the Internet Archive is an institution, library, or archive accused of

28  having infringed by reproducing works in copies or phonorecords.

1
2

**FOURTH DEFENSE**
**Statute of Limitations**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations

3
4

under 17 U.S.C. § 507(b).

**FIFTH DEFENSE**
**Laches**

5
6

Plaintiffs' remedies are barred, in whole or in part, by the doctrine of laches.

7
8

**SIXTH DEFENSE**
**Estoppel**

Plaintiffs' claims are barred, in whole or in part, by equitable estoppel, waiver, *in pari*

9
10

*delicto*, unclean hands, ratification, and/or other related equitable doctrines.

**SEVENTH DEFENSE**
**Library Use**

11
12

Defendants' activities are privileged under 17 U.S.C. § 108(h) (Library Use Exception).

13
14

**EIGHTH DEFENSE**
**Copyright Misuse**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse

15
16
17

because plaintiffs have violated the antitrust laws, otherwise illegally extended their lawful

copyright monopolies, or violated the public policies underlying the copyright laws.

**NINTH DEFENSE**
**Implied License**

18
19
20

As to some or all of the sound recordings in dispute, the Internet Archive Defendants held

an implied license.

21
22

**TENTH DEFENSE**
**Innocent Infringement**

To the extent Plaintiffs establish any acts of infringement, the Internet Archive Defendants

23
24
25
26

were not aware and had no reason to believe their acts constituted an infringement of Plaintiffs'

copyrights, allowing for the Court to reduce any award of statutory damages to an amount as low

as $200 per work infringed.  17 U.S.C. § 504(c)(2).

27
28

**ELEVENTH DEFENSE**
**Non-willfulness**

There was no willful infringement by the Internet Archive Defendants; accordingly, Plaintiffs' claims, for enhanced damages have no basis and should be denied.

**TWELFTH DEFENSE**
**Safe Harbor**

To the extent they arise by reason of the storage at the direction of a user of allegedly infringing material, Plaintiffs' claims are barred in whole or in part by 17 U.S.C. § 512(c).

**THIRTEENTH DEFENSE**
**Copyright Ownership**

Plaintiffs' claims are barred to the extent they do not own copyrights in the works underlying their claims.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Internet Archive Defendants respectfully prays that the Court:

1.    Deny Plaintiffs' prayer for relief in its entirety;

2.    Dismiss the Amended Complaint with prejudice and enter judgment in favor of Defendants;

3.    Award Defendants their attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4.    Award the Defendants such other and further relief as the Court deems just and equitable.

The Internet Archive hereby demands a trial by jury in this action.

1  Dated: May 29, 2024                    Respectfully submitted,

2                                         **LATHAM & WATKINS LLP**

3                                         */s/ Allison L. Stillman*
                                          Andrew M. Gass (Bar No. 259694)
4                                         Joseph R. Wetzel (Bar No. 238008)
                                          505 Montgomery Street, Suite 2000
5                                         San Francisco, CA 94111
                                          (415) 391-0600
6                                         *andrew.gass@lw.com*
                                          *joe.wetzel@lw.com*
7

8                                         Allison L. Stillman (*pro hac vice*)
                                          1271 Avenue of the Americas
9                                         New York, NY 10020
                                          (212) 906-1200
10                                        *alli.stillman@lw.com*

11                                        *Attorneys for Defendants Internet Archive,*
                                          *Brewster Kahle, George Blood, and George*
12                                        *Blood L.P.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28