Matthew J. Oppenheim (*pro hac vice*)
Corey Miller (*pro hac vice*)
Danae Tinelli (*pro hac vice*)
OPPENHEIM + ZEBRAK LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
danae@oandzlaw.com
corey@oandzlaw.com

Noel M. Cook, SBN 122777
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
ncook@hansonbridgett.com

*Attorneys for Plaintiffs UMG Recordings, Inc.; Capital Records, LLC; Concord Bicycle Assets, LLC; CMGI Recorded Music Assets LLC; Sony Music Entertainment; and Arista Music*

(Additional counsel listed on signature pages)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC, CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC<br><br>Plaintiff(s),<br><br>vs.<br><br>INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD, L.P.<br><br>Defendant(s). | Case Number: 3:23-cv-06522-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I.   JURISDICTION & SERVICE

This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, *et seq.*, 17 U.S.C. § 1401, and 28 U.S.C. §§ 1331 and 1338, based on federal question jurisdiction. Defendants were served between August 20, 2023, and August 25, 2023. *See* Affidavits of Service, ECF Nos. 12-16. Plaintiffs originally filed this case in the Southern District of New York; on Defendants' motion, it was transferred to this court. *See* Opinion and Order (Dec. 8, 2023), ECF No. 59. Defendants do not contest venue or jurisdiction in this Court.

## II.   FACTS

### A.   Plaintiffs' statement of facts:

Plaintiffs bring this suit to address Defendants' massive ongoing infringement of Plaintiffs' rights in protected pre-1972 sound recordings. Plaintiffs are record companies that produce, manufacture, distribute, sell, and license commercial sound recordings, both in the United States and internationally. As part of what Defendants have dubbed the "Great 78 Project," Defendants have created an enormous, unauthorized, digital record store of recordings. Defendant Internet Archive has willfully reproduced thousands of Plaintiffs' protected sound recordings without authorization by copying physical records into digital files, and then willfully uploading, distributing, and digitally transmitting those illegally copied sound recordings millions of times from Internet Archive's website ("Great 78 website").

While Defendant Internet Archive runs the website that streams and distributes Plaintiffs' protected sound recordings, all Defendants directly participate in Internet Archive's infringement. Defendant Brewster Kahle ("Kahle") is Internet Archive's Founder, chief executive, and Chair of the Board, where he manages Internet Archive's day-to-day operations and directly oversees Internet Archive's infringing activity. Am. Compl. ¶¶ 70–73. Defendant Kahle/Austin Foundation (the "Foundation"), of which Kahle is President, is the personal charitable donations vehicle for Kahle and his wife. Am. Compl. ¶¶ 11, 75. Through the Foundation, Kahle has funded

1  the large majority of Internet Archive's infringing activity. Am. Compl. ¶ 76. Indeed, Internet Archive's webpage for each recording at issue in this lawsuit identifies the Foundation as the "Digitizing sponsor." Am. Compl. ¶¶ 50, 76.

Defendants George Blood ("Blood") and George Blood L.P. ("GBLP") created the digital files that Internet Archive's website provides for streaming and downloading. Am. Compl. ¶¶ 48–49. Blood and GBLP knew that Internet Archive was posting those digital files on its website for unlimited streaming and downloading. Am. Compl. ¶¶ 90–92. Blood and GLBP have also helped market and publicize Internet Archive's infringing scheme. *Id.*

As shown in Exhibit A to the Complaint, there are over 2,700 sound recordings identified that Defendants infringed, and this list is non-exhaustive, as merits discovery has not yet occurred. Defendants' unlawful activities have caused substantial harm, including depriving Plaintiffs and the artists or their heirs of compensation, and undermining the value of recorded music.

Key factual issues include: the scope of Internet Archive's, Blood's, and GBLP's direct infringement; Internet Archive's knowledge of, material contribution to, inducement of, right and ability to supervise, and direct financial benefit from direct infringement; Kahle's, the Foundation's, Blood's, and GBLP's knowledge of and contribution to direct infringement; Blood's right and ability to supervise and direct financial benefit from direct infringement; Defendants' willfulness; and damages.

**B.  Defendants' statement of facts:**

The Complaint in this case seeks to condemn a technological initiative to preserve a fast-disappearing part of this country's cultural heritage: the sounds of 78 RPM records, a widely used format for distributing recorded music from the late 19th century through the 1950s. The peculiar and distinct sound attributes of this medium formed an indelible part of the fabric of American society for many decades. But the physical objects themselves tend to disintegrate over time—and as the complete set of these old records gradually becomes unplayable, their unique contribution to our history is on a nose-dive path to being lost forever.

Defendant Internet Archive is a not-for-profit research library. For nearly two decades, it has been involved in efforts to preserve 78 RPM records. A little over six years ago, the Archive

joined with a number of other libraries and related institutions to launch an ambitious project to systematically digitize the sounds of these old relics, with static, hisses, pops and all, in order to preserve them for scholars and future generations. More than three years ago—now outside the statute of limitations for challenging any digitization that had occurred as of that date—Plaintiff record labels sent a letter expressing their disapproval of that project. Defendant Brewster Kahle, the founder of Internet Archive, promptly responded that he would gladly exclude any recordings of theirs that they identified to him. The record labels never responded.

Out of the blue, in August of last year, the record labels sued. They named as Defendants the Archive itself; Kahle; the contractor with whom the Archive collaborated on its digitization efforts, a specialist who frequently works with record labels themselves named George Blood (along with his company, George Blood, L.P.); and, for some reason, the separate philanthropic foundation that Kahle co-founded, the Kahle/Austin Foundation. (The Foundation has no relationship whatsoever to the Great 78 Project.)

To the extent the claims here proceed at all, they should ultimately be rejected on the merits. The vast bulk of the digitizations resulting from the Great78 Project are of "orphan" recordings, not otherwise available to the public at all. And even for the fraction that may not be, the Archive's digitizations are not meaningful substitutes for the commercially available versions of the recordings on, say, Spotify or Apple Music. Those versions have been scrupulously remastered to scrub them of precisely what makes the preservation of the original 78 RPM records so essential: the character, the quirks, the color that defined an auditory era in our culture and now risks being lost to time. Thwarting that loss is a quintessential "fair use" under copyright law.

### III.   LEGAL ISSUES

Without waiving or conceding any arguments or positions, the Parties provide the following non-exhaustive list of disputed legal and/or factual issues.

- For sound recordings in dispute, whether the Plaintiff asserting the claims owns and/or controls valid and enforceable exclusive rights.
- Whether 17 U.S.C. § 507's three-year statute of limitations bars some or all of Plaintiffs' claims.

- Whether Defendants' conduct falls within the Music Modernization Act's safe harbor under 17 U.S.C. § 1401(c)(1).
- Whether Defendants' conduct constitutes fair use under 17 U.S.C. § 107.
- Whether Internet Archive's conduct is protected by 17 U.S.C. § 108.
- Whether Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse.
- Whether and to what extent Defendants may recover statutory or other damages, including whether Defendants qualify for the mandatory remittitur of statutory damages set forth in 17 U.S.C. § 504(c)(2).

## IV.  MOTIONS

### A.  Defendants' Motion to Transfer Venue

Defendants previously moved to transfer venue, ECF No. 48, which was granted. ECF No. 60.

### B.  Defendants' Motion to Dismiss

Defendants moved to dismiss Plaintiffs' claims as barred, in whole or in part, by the statute of limitations. ECF No. 75. The Foundation moved to dismiss Plaintiffs' contributory infringement claims against it on the grounds that those claims are insufficiently pled and fail as a matter of law. ECF No. 78. On May 15, 2024, the Court denied both motions. ECF No. 102.

### C.  Other Motions

Plaintiffs anticipate filing a motion for summary judgment by the deadline for dispositive motions after discovery has been completed.

Defendants do not currently anticipate non-discovery motions other than summary judgment motions, *Daubert* motions, and motions *in limine*.

## V.  AMENDMENT OF PLEADINGS

Plaintiffs have amended the Complaint once to add additional sound recordings to the list of recordings in suit. ECF No. 95. Plaintiffs' investigation is ongoing, and to the extent Plaintiffs discover more sound recordings that Defendants have infringed beyond the exemplary list included on Exhibit A to the Complaint, Plaintiffs may seek to amend the Complaint to identify

additional infringed sound recordings. Defendants reserve rights to challenge any further attempt to amend the complaint.

## VI. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties have already exchanged initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(A).

## VIII. DISCOVERY

Prior to the case being transferred to this Court, Plaintiffs served interrogatories and requests for production, to which Defendants have served responses and objections; Defendants have not yet produced any documents. Defendants served interrogatories and requests for production to Plaintiffs on July 12, 2024, to which Plaintiffs have not yet responded.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

None.

## XI. RELIEF

### A. Plaintiffs:

Plaintiffs are entitled to obtain damages to the fullest extent of the law applicable to Defendants' violations of their rights. Plaintiffs are not in a position, at this time, to provide a precise computation of damages because information bearing on the subject of damages—specifically including, but not limited to, the extent of Defendants' infringement, the willfulness of Defendants' infringement, and the financial benefits received in connection therewith, including Defendants' financial documents—is in Defendants' possession, custody, or control or will otherwise be developed during the discovery process. Plaintiffs reserve the right to elect,

pursuant to 17 U.S.C. §§ 504 and 1401, to recover statutory damages, including enhanced statutory damages based on Defendants' willful, intentional, and purposeful infringement. Plaintiffs also intend to seek to recover attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1401. Plaintiffs reserve the right to seek, pursuant to 17 U.S.C. §§ 502 and 503, an injunction, impoundment, and disposition of infringing articles, and/or other injunctive relief.

**B.     Defendants**:

Defendants deny that Plaintiffs have suffered any harm or are entitled to any damages, let alone any sort of enhanced damages based on "willful, intentional, and purposeful infringement." Defendants currently do not intend to seek damages against the Plaintiffs, but reserve the right to seek costs and attorneys' fees pursuant to 17 U.S.C. § 505.

**XII.     SETTLEMENT AND ADR**

The parties have agreed to a private mediation to occur on September 23-24, 2024.

**XIII.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to conduct all further proceedings before a United States Magistrate Judge.

**XIV.     OTHER REFERENCES**

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.     NARROWING OF ISSUES**

Plaintiffs suggest that the following issues may be suitable for narrowing or resolution by agreement or motion:

- Plaintiffs' ownership of the works in suit.
- Direct infringement of the works in suit.

Defendants dispute that these issues are suitable for narrowing or resolution by agreement or motion at this time.

**XVI.     EXPEDITED TRIAL PROCEDURE**

General Order 64 has been abrogated as of October 19, 2023. *Abrogated General Orders*, United States District Court Northern District of California,

https://www.cand.uscourts.gov/rules/abrogated-general-orders/ (last visited Jan. 10, 2024). In any event, the Parties agree that this is not a type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

The parties jointly propose the following schedule:

- The parties will complete the initial ADR (mediation) session by September 24, 2024.
- Fact discovery shall be completed by July 25, 2025.
- Expert discovery shall be completed by November 25, 2025.
  - The parties shall serve affirmative expert reports by September 5, 2025.
  - The parties shall serve rebuttal expert reports by October 17, 2025.
- No later than 30 days before the conclusion of expert discovery, the parties shall jointly submit a proposed briefing schedule for summary judgment motions and motions to exclude expert testimony.

## XVIII. TRIAL

This case will be tried to a jury. Reserving all rights given the early stage of the case, counsel for the parties estimate the length of trial will be approximately 7-10 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs and Defendants have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* ECF Nos. 71, 74, 77. The following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Universal Music Group N.V., parent company of UMG Recordings, Inc., and Capitol Records, LLC;
- Compagnie de Cornouaille SAS and PS VII Master, L.P., owns stock in Universal Music Group N.V.;
- Axton Copyrights, LLC, parent company of Concord Bicycle Assets, LLC and CMGI

Recorded Music Assets LLC;

- Sony Group Corporation, parent company of Sony Music Entertainment and Arista Music.

Defendants have no such interested parties.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

<u>Depositions</u>.  Plaintiffs propose a limit of 15 depositions per side without leave of Court. Defendants believe that 20 depositions per side is more appropriate, given the number of parties and complexity of the case.

The parties otherwise agree as follows:  A deposition pursuant to a notice under Fed. R. Civ. P. 30(b)(6) shall count as one deposition for purposes of this limit, regardless of whether the receiving party designates more than one witness to testify as to the topics in the notice.  Where a person designated to testify on behalf of a noticed entity is also deposed in that person's individual capacity, the deposition of that person in their individual capacity shall count as a separate deposition.  Expert and third-party depositions shall count toward this limit.

<u>Rolling Productions</u>.  The parties will produce documents on a rolling basis.

<u>Documents Received from Non-Parties</u>.  Any party that receives documents from a non-party pursuant to a subpoena shall make those documents available to any other party, at the other party's cost.

<u>Service</u>.  For all motions and other Court filings, the parties agree to rely on automated service through ECF.  For service of documents not filed through ECF, the parties agree to serve and accept service by email.  Upon request, the parties agree to provide Word copies of all discovery requests.

Dated: July 19, 2024

| | |
|---|---|
| */s/ Danae Tinelli*<br>Matthew J. Oppenheim (*pro hac vice*)<br>Corey Miller (*pro hac vice*)<br>Danae Tinelli (*pro hac vice*)<br>OPPENHEIM + ZEBRAK LLP<br>4530 Wisconsin Avenue NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br>matt@oandzlaw.com<br>danae@oandzlaw.com<br>corey@oandzlaw.com<br><br>Noel M. Cook, SBN 122777<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, California 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>ncook@hansonbridgett.com<br><br>*Attorneys for Plaintiffs UMG Recordings, Inc.; Capital Records, LLC; Concord Bicycle Assets, LLC; CMGI Recorded Music Assets LLC; Sony Music Entertainment; and Arista Music* | */s/ Allison L. Stillman*<br>Andrew M. Gass (Bar No. 259694)<br> andrew.gass@lw.com<br>Joseph R. Wetzel (Bar No. 238008)<br> joe.wetzel@lw.com<br>LATHAM & WATKINS LLP<br> 505 Montgomery Street, Suite 2000<br> San Francisco, CA 94111<br> (415) 391-0600<br><br>Allison L. Stillman (*pro hac vice*)<br> alli.stillman@lw.com<br> 1271 Avenue of the Americas<br> New York, NY 10020<br> (212) 906-1200<br><br>Brent Murphy (*pro hac vice*)<br> brent.murphy@lw.com<br> 555 Eleventh Street NW, Suite 1000<br> Washington, DC 20004<br> (202) 637-2201<br><br>*Attorneys for Defendants Internet Archive, Brewster Kahle, Kahle/Austin Foundation, George Blood, and George Blood L.P.* |

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all of the signatories above.

Dated: July 19, 2024                                                                  */s/ Danae Tinelli*

                                                                                                    Danae Tinelli

\* \* \*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT JUDGE