# EXHIBIT 1

Case No.: 3:23-cv-06522-MMC

**Subject:** RE: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC
**Date:** Thursday, October 31, 2024 at 12:54:40 PM Eastern Daylight Time
**From:** Clara.Wang@lw.com
**To:** Corey Miller, Matt Oppenheim, Danae Tinelli
**CC:** iaumg.lwteam@lw.com

Corey,

Please see our responses to the issues raised in your October 1, 2024, email below.

**Documents re All Recordings Digitized for the Great 78 Project (IA RFPs 3-4; GBLP RFP 7)**: We continue to disagree that Plaintiffs are entitled to documents identifying *all* sound recordings that have been digitized as part of the Great 78 Project simply because Plaintiffs endeavor to hunt for additional claims to expand the litigation. As previously expressed during the parties' meet and confers and in my August 7 email, this type of fishing expedition is an improper use of discovery. *See, e.g., Teradyne, Inc. v. Astronics Test Sys., Inc.*, 2022 WL 18397125 (C.D. Cal. Dec. 22, 2022) (denying plaintiff's motion to compel an answer to an interrogatory requesting identification of software and documentation that may infringe unasserted copyrights). Moreover, the statutory damages factors to which you allude are still tethered to the specific claims actually asserted in the case and do not condone open-ended fishing into purely speculative, unidentified acts of infringement with respect to other, unasserted copyrighted works. *See Epidemic Sound AB v. Meta Platforms, Inc.*, Case No. 22-cv-04223-JSC, 2024 U.S. Dist. LEXIS 185597 (N.D. Cal. Oct. 10, 2024) (denying plaintiff's request to compel defendant to produce data associated with unasserted music tracks where plaintiff argued that such information would be relevant "not to prove its infringement claims based on the tracks already asserted in this lawsuit—but rather because it will reveal additional Epidemic-owned copyrights" that may be infringed); *Topline Sols., Inc. v. Sandler Sys., Inc.*, 2017 WL 1230817, at *5 (D. Md. Apr. 3, 2017) (holding that allegations of copyright infringement do not give plaintiff "license to engage in an unwieldy, burdensome, and speculative fishing expedition" to develop evidence for claims "as yet unknown").

**Documents re: Digitized 78s (IA RFPs 6-9):** As we have repeatedly told you, Internet Archive requires additional identifying information—beyond song title and artist name—to accurately identify the specific webpages (and by extension, recordings) that Plaintiffs are seeking. As Plaintiffs admit and as evidenced by your response to Defendants' Interrogatory No. 5, this is information that Plaintiffs already have in its possession, and there is no reason for Plaintiffs *not* to have already produced it. We do not think that there is a true dispute here, and your contention that Internet Archive has changed its position is wrong. Internet Archive is simply and reasonably requesting additional identifying information so that Internet Archive can accurately identify the correct documents for production. Since serving its responses and objections to Plaintiffs' discovery requests, Internet Archive has tried to search its records by matching artist and song title, but has discovered instances where *no* matching records can be identified. Given that Plaintiffs must have collected this information before filing the litigation and have already also agreed to produce it, why won't Plaintiffs cooperate with Internet Archive to provide additional information that will help identify the records that Plaintiffs are seeking?

**Streaming and Download History (IA RFPs 8-9)**: Internet Archive has agreed to produce the streaming and download data that is kept in the ordinary course with respect to the items at issue. We can discuss the details of what that includes on a future meet and confer.

**<u>Documents re: Music Modernization Act (IA RFP 1, BK RFP 2, GB RFP 2, GBLP RFP 2)</u>:** We are unclear what your complaint is here.  Defendants have already agreed to produce non-privileged documents referring to the Classics Act portion of the Music Modernization Act, which you agreed was what Plaintiffs are primarily seeking in response to these requests.  If your suggestion is that Defendants will not do a reasonable search to identify those documents, it is not well taken.  In any event, Defendants will also do a reasonable search for documents referring to the Music Modernization Act.

**<u>Documents re: legal / beneficial owners of GBLP (GBLP RFP 28, GB RFP 19)</u>:** GBLP has produced its financial filings, which includes information responsive to these requests.  We trust that GBLP's production resolves these requests.

**<u>Documents re: grant proposals for the Great 78 Project (IA RFP 44, BK RFP 12, KAF 12)</u>:** We do not understand your complaint here, but we confirm that Mr. Kahle will produce non-privileged documents relating to grant proposals for the Great 78 Project, including drafts, identified pursuant to a reasonable search and to the extent not otherwise produced in response to an overlapping request.

**<u>Documents re: GB/GBLP donations to IA (GBLP RFP 25 / GB RFP 12), Payments from GBLP to GB (GB RFP 18)</u>:** We can discuss GBLP RFP 25 and GB RFP 12 during our next meet and confer.  With respect to GB RFP 18, based on our investigation, we expect that information regarding disbursements from George Blood LP to George Blood will be available as part of GBLP's financial filings, which GBLP has agreed to produce in response to GBLP RFP 24.

**<u>Documents re: donations BK make to KAF or IA (BK RFP 10)</u>**: We disagree with your contention that this information is relevant to the issues in this case. Whether and how much Brewster Kahle has donated to the Kahle/Austin Foundation or Internet Archive has no bearing on the issue of whether the Kahle/Austin Foundation or Internet Archive has infringed on Plaintiffs' alleged copyrights.  While we are happy to consider any case law that Plaintiffs identify that they believe supports their position that this information is relevant, to date, Plaintiffs have identified none.  In any event, in an effort to compromise, Internet Archive is continuing to investigate the Great 78 Project's financial records and will revert with a proposal pending that investigation.

**Clara Wang**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8281

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Sent:** Tuesday, October 1, 2024 11:55 AM
**To:** Wang, Clara (Bay Area) <Clara.Wang@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Cc:** #C-M IA UMG - LW TEAM <iaumg.lwteam@lw.com>
**Subject:** Re: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Counsel,

Thank you for your responses.  We write to raise an additional discovery issue and to respond to your respond to your Sept. 25 email.

**IA RFPs 3–4; GBLP RFP 7.** These requests call for production of documents sufficient to identify (such as by artist, title, and any other identifying information) all sound recordings of which You created a digital copy as part of the Great 78 Project or which were downloaded or streamed from the Great 78 Project. Defendants have offered only to produce documents sufficient to identify the "Digitized 78s" created in connection with, or downloaded or streamed from, the Great 78 Project, and have defined the Digitized 78s to include only "a digitized version of a 78-rpm recording that has the same artist and title names as any of the Sound Recordings at Issue." Def. Internet Archive's Resps. and Objs. to Pls.' First Set of Requests for Production at 6, 8–9 ("IA Responses"). This is insufficient. The Amended Complaint alleges that the works named in Exhibit A are just "an illustrative and non-exhaustive list of some of Plaintiffs' works infringed by Defendants through the Great 78 Project." Am. Compl. ¶ 29. Plaintiffs are entitled to discovery on the the full scope of Defendants' infringement of their works, which is relevant both to potentially adding works to the suit and to the statutory damages factors of the need for deterrence, the need to penalize the infringer, and the circumstances of the infringement. *See* Ninth Circuit Jury Instructions Committee, *Manual of Model Civil Jury Instructions § 17.35 Copyright—Damages—Statutory Damages (17 U.S.C. § 504(c))*, https://www.ce9.uscourts.gov/jury-instructions/node/706 (revised Dec. 2023). Please confirm Defendants will produce documents responsive to the full scope of IA RFPs 3–4 and GBLP RFP 7.

**IA RFPs 6–9.** With regard to IA RFPs 6–9, Internet Archive has significantly changed its position without acknowledging it has done so. In Internet Archive's November 27, 2023 Responses and Objections, Internet Archive stated it will produce "documents sufficient to identify the URLs of webpages on which the ***Digitized 78s*** have been made available for downloading and/or streaming." IA Responses at 7 (emphasis added). For purposes of the IA Responses, Internet Archive stated that "Internet Archive will use the term 'Digitized 78,' to mean a digitized version of a 78-rpm recording that has ***the same artist and title names*** as any of the Sound Recordings at Issue." *Id.* at 6 (emphasis added). Internet Archive gave similar responses to RFPs 6, 8, and 9, agreeing to produce documents for the "Digitized 78s." *Id.* at 10–12.

But, in later correspondence and conferrals, Internet Archive has reneged on this commitment and refused to produce any documents in response to these RFPs unless Plaintiffs produce information to further identify recordings beyond the song title and artist name included on Exhibit A to the Complaint. *See, e.g.*, July 12, 2024 Ltr. from A. Stillman to C. Miller at 2 ("Stillman Ltr."); Aug. 7, 2024 email from Clara Wang.

Internet Archive has never even acknowledged that it changed its position, let alone offered any explanation for this change of position. Instead, your correspondence disingenuously states that "Internet Archive properly noted in its objections [that] the term 'Infringing Sound Recordings' is vague and ambiguous," Stillman Ltr. at 2, while ignoring that, in the ***very next sentence*** of the IA Responses, Internet Archive defined "Digitized 78s" so as to agree do precisely what you inaccurately claim IA "properly noted in its objections."

Further, in the IA Responses, Internet Archive also stated it would make similar productions in response to RFPs 2 and 5, where Internet Archive stated it would produce "copies of the Digitized 78s" and "documents sufficient to identify the Digitized 78s and the date on which each Digitized 78 was created." IA Responses at 7. Despite a lengthy series of written exchanges and oral conferrals, Internet Archive has never stated that it is modifying its position with regard to RFPs 2 and 5. The parties have never conferred about RFPs 2 and 5 because Plaintiffs saw no need to raise any issue with Internet Archive's

position as expressed in the IA Responses.

By waiting more than eight months after Plaintiffs served their Requests for Production to raise the new objection that it need not produce documents in response to RFPs 6–9 until Plaintiffs provide further information, Internet Archive has waived that objection.  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (holding that party waived specific objection to request for production by not asserting objection "within the time required by the Federal Rules").  In addition, RFPs 6–9 are appropriate for all of the reasons we have previously explained.

Please confirm that Internet Archive will produce documents in response to RFPs 6–9 as it stated it would in the IA Responses.

**IA RFPs 8–9**.  In the IA Responses, Internet Archive stated that it would produce "documents sufficient to show the streaming and download history of the Digitized 78s . . . ."  In our December 4, 2023 letter, we asked you to "explain what 'the streaming and download history' comprises so that we can evaluate the sufficiency of these responses."  Dec. 4, 2023, Ltr. from C. Miller to A. Gass and A. Stillman at 2.  Despite our request, you have never explained what "the streaming and download history" comprises; please answer our request.

**Documents regarding the Music Modernization Act (IA RFP 1, BK RFP 2, GB RFP 2, GBLP RFP 2)**.  In your Sept. 25 email, you stated that "Defendants are willing to produce non-privileged documents referring to the Classics Act in their possession, custody, or control and that are located pursuant to a reasonable search."  This is not a sufficient response in that it is likely to lead to underinclusive results: relevant and responsive documents may not refer specifically to the Classics Act but to the MMA more generally.  *See, e.g.*, Am. Compl. ¶ 60 (quoting Internet Archive blogpost stating that "the **MMA** means that libraries can make some of these older recordings freely available to the public as long as we do a reasonable search to determine that they are not commercially available" (emphasis added)).  Further, it is unlikely that a search for and production of documents referring to the MMA would result in the production of a large volume of irrelevant documents.  Defendants have not explained why they are likely to have a significant volume of documents referring to the MMA that discuss only Titles I and III of the MMA, as those titles concern amendments to the Copyright Act's provisions governing mechanical licensing and payments of royalties, which have minimal impact on Internet Archive.

**Documents sufficient to show all legal / beneficial owners of GBLP (GBLP RFP 28, GB RFP 19)**.  After further consideration, we do not think a stipulation is appropriate, as Plaintiffs are not in a position to evaluate the accuracy of any potential stipulation.  To the extent documents exist that show the legal/beneficial owners of GBLP, Defendants should produce those documents; we do not understand you to have said such documents do not exist.  To the extent such documents do not exist, we are willing to consider an alternative means of establishing the legal/beneficial owners of GBLP, such as a declaration or verified interrogatory response.

**Documents concerning grant proposals seeking funding related to the Great 78 Project (IA RFP 44, BK RFP 12, KAF RFP 12)**.  For BK RFP 12, you agreed to produce only the grant proposals themselves, but not documents concerning the grant proposals.  For IA RFP 44 and KAF RFP 12, Defendants have agreed to produce documents responsive to the full scope of the request, including not just the grant proposals themselves but also documents concerning those grant proposals.  Please

confirm that, in response to BK RFP 12, Defendants will produce, not just grant proposals, but also documents concerning those proposals.

**GB RFPs 12, 18; GBLP RFP 25.**  Your September 25 email stated that, for each of these requests, "We are investigating this request and will revert once we have additional information."  Defendants have had nearly a year since these straightforward requests were served to investigate, and more than six weeks have passed since we met and conferred regarding these requests.  Please let us know Defendants' position immediately or we will need to seek judicial intervention.

**Documents sufficient to show donations Brewster Kahle made to the Kahle-Austin Foundation or Internet Archive (BK RFP 10):** As we explained during the meet-and-confer, this request is appropriate and seeks relevant documents.  If you have a proposal regarding this request, please provide it immediately or we will need to seek judicial intervention.

Best,
Corey

---

**From:** Clara.Wang@lw.com <Clara.Wang@lw.com>
**Date:** Wednesday, September 25, 2024 at 7:18 PM
**To:** Corey Miller <Corey@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>
**Cc:** iaumg.lwteam@lw.com <iaumg.lwteam@lw.com>
**Subject:** RE: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Corey,

Below, we have set forth our positions regarding the requests discussed during our August meet and confer and responded to your August 28, 2024, email.  Defendants are currently preparing supplemental responses to certain interrogatories and intend to serve them shortly.

1. **Documents and communications promoting or defending the Great 78 Project (IA RFP 17; GBLP RFP 12; GB RFP 6):** As previously agreed to by Defendants during the meet and confer, Defendants are willing to produce non-privileged documents and communications promoting or defending the Great 78 Project in their possession, custody, or control and that are located pursuant to a reasonable search.  This includes non-privileged internal drafts and communications to the extent any can be located following a reasonable search. We trust this resolves your question.

2. **Documents and communications concerning Internet Archive's social media accounts (IA RFPs 28 and 29):** During the meet and confer, Internet Archive offered to produce a representative sample of non-privileged, archived versions of posts on its Great 78 social media account in its possession, custody, or control and that are located pursuant to a reasonable search.  Based on your email dated August 28, we understand that Plaintiffs have rejected this proposal.  In an effort to compromise and avoid burdening the Court, Internet Archive will agree to produce all non-privileged posts from the Great 78 social media accounts in its possession, custody, or control and that are located pursuant to a reasonable search in response to RFP 28.  Internet Archive also agrees to produce non-privileged documents

concerning the creating, posting to, and deactivation of the Great 78 social media accounts in its possession, custody, or control and that are located pursuant to a reasonable search in response to RFP 29.

3. **<u>Documents concerning Internet Archive's webpages (IA RFP 7)</u>**: We disagree with your characterization that Defendants have refused to produce documents in response to this request. As explained during the calls, Internet Archive *is* willing to produce the webpages of the Digitized 78s but requires additional identifying information—beyond song title and artist name—from Plaintiffs to identify the specific webpages that Plaintiffs are seeking. It is Plaintiffs' responsibility to identify the materials they allege are infringing, which plaintiffs already identified in the course of their investigation to develop Exhibit A of their Amended Complaint. This work has already been done by the Plaintiffs and you have not articulated a reason not to produce it. Indeed, it appears that you have, sensibly, agreed to identify the specific URLs at issue as part of Plaintiffs' response to Defendants' Interrogatory No. 5. Internet Archive agrees to produce copies of the webpages located at those URLs upon receipt of that information. We trust this resolves your request.

4. **<u>Documents sufficient to show George Blood's assets, liabilities, and annual income (GB RFP 20)</u>**: As discussed during the calls, Blood takes the same position here as Kahle has taken with respect to BK RFP 14. At this juncture, we do not see the relevance of either Mr. Kahle's or Mr. Blood's personal assets to the issues in this case. Thus, we agree the parties may be at an impasse on this request.

5. **<u>All public statements regarding copyright or the Copyright Act (IA RFP 18, GBLP RFP 13)</u>**: We disagree with your August 28 email characterizing the parties as being at an impasse on this request. As stated during our meet and confer, these requests are not tailored to the issues in this case, which relate to the copyright of certain sound recordings at issue—not copyright law, generally. Moreover, public statements are as available to Plaintiffs as they are to Defendants. Notwithstanding the foregoing, in an effort to compromise, Internet Archive and George Blood are willing to identify past public statements they have made regarding music copyrights that are located pursuant to a reasonable search.

6. **<u>Documents and communications concerning the Great 78 Project (IA RFP 12; GBLP RFP 1, GB RFP 1, BK RFP 1, 3)</u>**: In view of the parties' meet and confer regarding this request, Defendants are willing to produce non-privileged documents referring to the Great 78 Project in their possession, custody, or control and that are located pursuant to a reasonable search.

7. **<u>All documents concerning the MMA (IA RFP 1, GBLP RFP 2, GB RFP 2, BK RFP 2)</u>**: As discussed on the meet and confer, the MMA includes provisions that have no relation to pre-1972 recordings. Defendants are willing to produce non-privileged documents referring to the Classics Act in their possession, custody, or control and that are located pursuant to a reasonable search.

8. **<u>All documents concerning how the displayed metadata is determined (IA RFP 10)</u>**: Based on the parties' meet and confer, we understand that you are seeking documents relating to the process by which metadata is transferred to be displayed, including changes to the process over time. Internet Archive is willing to produce non-privileged documents sufficient to show the process by which the metadata displayed with an item on the Great 78 Project is identified and selected, including changes to the process over time, in its possession, custody, or control and

that are located pursuant to a reasonable search.

9. **All documents concerning the Unlocked Recordings (IA RFP 16)**: Internet Archive is willing to produce non-privileged documents sufficient to show the creation of the Unlocked Recordings section of the website, how any reasonable search referenced on the website was conducted, and any changes to that process over time, in its possession, custody, or control and that are located pursuant to a reasonable search.

10. **Documents concerning how users are using recordings on the Great 78 Project (IA RFP 19)**: Internet Archive is willing to produce non-privileged documents discussing the reasons for why users use recordings on the Great 78 Project in its possession, custody, or control and that are located pursuant to a reasonable search.

11. **Communications with the Foundation (IA RFP 21, 25, GBLP RFP 3, GB RFP 3)**: As explained during the meet and confer, any communications unrelated to Plaintiffs' theory that the Foundation allegedly controls the Internet Archive's activities and/or the Great 78 Project is irrelevant to this case. In an effort to compromise, Defendants are willing to produce non-privileged communications with the Foundation referring to the Great 78 Project that are in their possession, custody, or control and that are located pursuant to a reasonable search.

12. **Communications between defendants regarding the Great 78 Project (IA RFP 22-24, GBLP RFP 4-5, GB RFP 4-5, BK RFP 4)**: Based on the parties' discussion during the meet and confers, Defendants are willing to produce non-privileged communications between defendants referring to the Great 78 Project in their possession, custody, or control and that are located pursuant to a reasonable search.

13. **Documents sufficient to show payments made to GBLP/Blood in connection with the Great 78 Project (IA RFP 27, GBLP RFP 16-17, GB RFP 13, BK RFP 11)**: Defendants are willing to produce non-privileged documents sufficient to show all payments made to GBLP or George Blood in connection with their work on the Great 78 Project in their possession, custody, or control and that are located pursuant to a reasonable search.

14. **Documents about the effect of the Great 78 Project on the market for streaming and / or downloading sound recordings (IA RFP 30, BK RFP 6)**: Internet Archive and Brewster Kahle are willing to produce non-privileged documents regarding any effect that the Great 78 Project has or may have had on the music streaming and download markets, to the extent they exist and are in their possession, custody, or control and that are located pursuant to a reasonable search.

15. **Documents concerning the processes or policies for digitizing 78 RPM records (IA RFP 38)**: Internet Archive is willing to produce non-privileged documents sufficient to show the process by which 78 rpm records are digitized for the Great 78 Project in their possession, custody, or control and that are located pursuant to a reasonable search.

16. **Documents sufficient to show annual and quarterly financial performance (IA RFP 42, GBLP RFP 24)**: As discussed during the meet and confer, Internet Archive and GBLP are willing to produce non-privileged documents sufficient to show their annual financial filings that are in their possession, custody, or control and that are located pursuant to a reasonable search.

17. **Documents sufficient to show all donations received from the donation request banner on a Great 78 Project webpage (IA RFP 45)**: We are investigating whether Internet Archive tracks donations at the level of requested granularity and will revert once we have more information.

18. **Documents sufficient to show all donations or payments received from the Foundation (IA RFP 46)**: As stated during the meet and confer, this request is overbroad as drafted because it seeks information about the Foundation and the Internet Archive's relationship that is not relevant to the Great 78 Project. In an effort to compromise, Internet Archive is willing to produce non-privileged documents sufficient to show donations or payments received from the Foundation for the Great 78 Project in its possession, custody, or control and that are located pursuant to a reasonable search.

19. **Documents sufficient to show all donations Internet Archive has received related to the Great 78 Project (IA RFP 47)**: During the call, you stated that Plaintiffs are seeking information about both monetary and physical donations that the Internet Archive has received in connection with the Great 78 Project. You claim that this information is relevant to your vicarious infringement claims and showing that Internet Archive has gained financial benefit from the Great 78 Project. While we disagree, in an effort to compromise, Internet Archive is willing to produce non-privileged documents sufficient to show the monetary donations it has received specifically for the Great 78 Project in its possession, custody, or control and that are located pursuant to a reasonable search. The Internet Archive is also willing to answer an interrogatory describing the physical donations of 78 rpm records it has received for the Great 78 Project.

20. **Documents concerning GBLP's relationship with Internet Archive in connection with the Great 78 Project (GBLP RFP 6)**: As discussed during the meet and confer, GBLP is willing to produce non-privileged documents regarding its relationship with Internet Archive in connection with the Great 78 Project, including contracts, SOWs, and invoices, in its possession, custody, or control that are located pursuant to a reasonable search.

21. **Documents concerning GBLP / GB's purpose for copying the sound recordings at issue (GBLP RFP 22, GB RFP 10)**: During the meet and confer, you clarified that these requests are seeking information about why GBLP / GB are participating in the Great 78 Project. To the extent that this request is not duplicative of *e.g.*, GBLP RFP 6, GBLP and Blood are willing to produce non-privileged documents regarding their reasons for contributing to the Great 78 Project in their possession, custody, or control that are located pursuant to a reasonable search.

22. **Documents sufficient to show donations GBLP / GB make to Internet Archive (GBLP RFP 25 / GB RFP 12)**: We are investigating this request and will revert once we have additional information.

23. **Documents sufficient to show distributions, dividends, or payments received by GB from GBLP (GB RFP 18)**: We are investigating this request and will revert once we have additional information.

24. **Documents sufficient to show all legal / beneficial owners of GBLP (GBLP RFP 28, GB RFP 19)**: As stated during the meet and confer, we think that the issue of ownership of GBLP can

be resolved by stipulation and / or a declaration setting forth the owners of GBLP.  Please let us know whether Plaintiffs agree with this proposal.

25. **Documents promoting or defending the Great 78 Project (BK RFP 5)**: As noted during the meet and confer, Internet Archive has agreed to identify public statements regarding the Great 78 Project that can be identified pursuant to a reasonable search, and any statements by Mr. Kahle will be included in that production.

26. **Documents concerning Senator Tillis' June 10, 2020, letter or the RIAA's July 22, 2020, letter (BK RFP 8-9)**: Kahle agrees to produce non-privileged documents discussing Senator Tillis' letter or the RIAA letter in his possession, custody, or control and that are located pursuant to a reasonable search.

27. **Documents sufficient to show donations Brewster Kahle made to the Kahle-Austin Foundation or Internet Archive (BK RFP 10)**: As stated during the meet and confer, this request is overbroad and not tailored to the issues in this case.  Notwithstanding the foregoing, Defendants are willing to work with you to produce documents sufficient to show how the Great 78 Project is funded and will follow up with a proposal.

28. **Documents concerning grant proposals seeking funding related to the Great 78 Project (BK RFP 12)**: Kahle agrees to produce non-privileged grant proposals relating to the Great 78 Project in his possession, custody, or control and that are located pursuant to a reasonable search.

29. **Documents concerning Kahle's efforts to obtain licenses (BK RFP 13)**: As stated during the meet and confer, to the extent such documents exist, they will be produced as part of Internet Archive's response to IA RFP 39.

Thanks,

**Clara Wang**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8281

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Sent:** Wednesday, August 28, 2024 3:26 PM
**To:** Wang, Clara (Bay Area) <Clara.Wang@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Cc:** #C-M IA UMG - LW TEAM <iaumg.lwteam@lw.com>
**Subject:** Re: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Alli and Clara,

Thank you for conferring with us August 12 and 14.  Below we summarize the results of those conferrals.  The use of "Defendants" below refers to all Defendants other than the Kahle/Austin Foundation.  Please let us know your positions on the issues below as well as your availability to

meet and confer regarding the Foundation's positions on Plaintiffs' discovery requests.

Requests for Production

- Documents promoting or defending the Great 78 Project. **IA RFP 17; GBLP RFP 12; GB RFP 6:** In Defendants' August 7, 2024 email, Defendants stated they will produce links to public statements, speeches, videos, or blog posts made by Defendants referring to the Great 78 Project located through a reasonable search." At the August 12 conferral, Defendants agreed that these documents will also include interviews with journalists. Additionally,, Defendants indicated that they will consider providing internal communications regarding the identified public statements, speeches, videos, blog posts, and interviews. **Please confirm that Defendants will produce internal communications regarding Defendants' public statements concerning the Great 78 Project.**

- Internet Archive's social media accounts. **IA RFPs 28 and 29:** Internet Archive's written responses stated that Internet Archive would not produce documents in response to these requests. In Defendants' August 7, 2024 email, Defendants stated that "Internet Archive is willing to produce a representative sample of archived versions of posts on its Great 78 social media accounts. Internet Archive is also willing to produce non-privileged documents located through a reasonable search regarding Internet Archive's Great 78 Project social media accounts that are within its possession, custody, or control." At the August 12 conferral, Plaintiffs stated that a sample is not sufficient to the extent that any of Internet Archive's social media posts relate to the Sound Recording at Issue. **Please confirm that Internet Archive will produce all social media posts relating to the Sound Recordings at Issue.** As to Internet Archive's social media posts regarding works other than the Sound Recordings at Issue, Plaintiffs are willing to consider production of a representative sample in conjunction with a declaration or verified interrogatory response providing information on the volume and frequency of Internet Archive's social median posts.

- Internet Archive's webpages. **IA RFP 7:** In Defendants' August 7, 2024 email Defendants state that they will "produce relevant information related to the specific recordings that Plaintiffs believe infringe *once [Plaintiffs] identify them*." At the August 12 conferral, indicated that they will not produce documents in response to this request. **The parties are at an impasse on this request.**

- Financials. **GB RFP 20**: The parties met and conferred to discuss this request. Defendants stated that Defendants will not produce documents in response to this request. **The parties are at an impasse on this request.**

- All public statements on copyright or the Copyright Act. **GBLP RFP 13; IA RFP 18:** Defendants' written responses stated that Defendants were willing to meet and confer regarding these requests, but did not state whether Defendants would produce documents in response to these requests and, if so, what documents Defendants would produce. The parties met and conferred to discuss these requests, during which Defendants stated that they will not produce documents in response to these requests. **The parties are at an impasse on this request.**

- Offers to meet and confer. **BK RFPs** 1-6, 8-13; **GB RFPs** 1-5, 10, 12-16, 18-20; **GBLP RFPs**

1-6, 16-18, 20-22, 24-25, 28; and **IA RFPs** 1, 10, 12, 16, 18, 21-25, 27, 30, 28, 38, 42, 45-47: Defendants' written responses stated that Defendants were willing to meet and confer regarding these requests, but did not state whether Defendants would produce documents in response to these requests and, if so, what documents Defendants would produce. The parties met and conferred to discuss these requests. **Please state whether Defendants will produce documents in response to these requests and, if so, what documents Defendants will produce.**

Interrogatories

- Supplemental Responses. **IA Rogs 3-12; GBLP Rogs 1-3, 8; GB Rogs 1, 2; BK Rogs 1-4:** Defendants stated they will supplement their responses immediately, if and when it is warranted. Defendants stated they are not currently aware of any information requiring a supplemental response. We have pointed out to you that Defendants' responses are incomplete; for example, in response to Interrogatory 1, GBLP has not identified any employees other than George Blood, even though it is implausible that Mr. Blood was the only GBLP employee with responsibility for creating digital copies of 78-rpm records in connection with the Great 78 Project. For example, Internet Archive's description of the preservation process refers to "technicians" and "the digitization engineer" at GBLP who perform critical tasks related to the digitization process. *Preservation*, Internet Archive, https://great78.archive.org/preservation/ (last visited Aug. 28, 2024). Yet GBLP has not identified any of these technicians or digitization engineers. Similarly, Internet Archive has not identified anyone in response to Interrogatory 7. Yet the same article stated that "Metadata has been augmented by librarians and volunteers in a project coordinated by the Internet Archive," refers to "administrators [who] promote information," and states that "the Internet Archive has written code to mine recording dates from sites such as 78discography.com." We first identified these issues to you last December, and again in our conferral on July 29, but have not received any supplemental response. These requests seek basic information that Defendants should be able to readily provide. **Please state a date certain by which Defendants will supplement their responses, or state that Defendants will not agree to do so by a date certain, and then the parties will be at an impasse.**

Best,
Corey

---

**From:** Clara.Wang@lw.com <Clara.Wang@lw.com>
**Date:** Wednesday, August 7, 2024 at 8:19 PM
**To:** Corey Miller <Corey@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>
**Cc:** iaumg.lwteam@lw.com <iaumg.lwteam@lw.com>
**Subject:** RE: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Corey,

Thanks for this email. Please see below for our understanding of where things stand for each of the discovery requests discussed during the meet and confer. Note that your email appears to have missed

several requests that were discussed, which we have added in. We are available next week on Monday (8/12) between 2-4 PM ET. Let us know works for you.

**Requests for Production**

- **IA RFP 17; GBLP RFP 12; GB RFP 6:** These requests seek all documents "promoting or defending the Great 78 Project." From our meet and confer, we understand that you are looking specifically for documents related to public statements, speeches, videos, or blog posts" made by Defendants. We can agree to produce and / or identify links to public statements, speeches, videos, or blog posts made by Defendants referring to the Great 78 Project located through a reasonable search.

- **IA RFPs 6-9:** These requests seek copies of the webpages and streaming and download history of each of the Sound Recordings in Suit identified in Exhibit A to the Amended Complaint. As we have repeatedly explained to Plaintiffs, the song title and artist name identified in Exhibit A are not sufficient information for Internet Archive to identify the specific sound recordings that Plaintiffs allege are infringing. As you know, artists often recorded multiple versions of the same song, and Plaintiffs' complaint alleges that certain recordings made available by the Great 78 Project infringe certain recordings that Plaintiffs claim to own. To assert this claim, Plaintiffs must have done some investigation to identify the allegedly infringing recordings (indeed, that investigation was presumably done by mid-2020). This information is in Plaintiff's possession and control. As we have informed you, Internet Archive is happy to work with you and produce relevant information related to the specific recordings that Plaintiffs believe infringe once you identify them.

- **IA RFPs 28-29:** These requests seek all posts on Internet Archive's Great 78 Project social media accounts and documents related to Internet Archive's Great 78 Project social media accounts. Internet Archive is willing to produce a representative sample of archived versions of posts on its Great 78 social media accounts. Internet Archive is also willing to produce non-privileged documents located through a reasonable search regarding Internet Archive's Great 78 Project social media accounts that are within its possession, custody, or control.

- **BK RFP 14:** This request seeks information regarding Brewster Kahle's financial information. Mr. Kahle has a constitutional right to privacy. Particularly at this early stage in the case, where Mr. Kahle has not been adjudicated as having infringed on any copyrights that Plaintiffs may own, this request is premature and harassing.

- **GBLP RFP 7:** This request seeks documents sufficient to identify all sound recordings digitized as part of the Great 78 Project. During the meet and confer, you noted that you are seeking all sound recordings "to see what else is infringing." This is a fishing expedition and inappropriate for discovery. Moreover, as you are well aware, the Great 78 Project is publicly available online, and Plaintiffs have access to information about sound recordings that George Blood LP has digitized as part of the Great 78 Project.

- **IA Rogs 3-12; GBLP Rogs 1-3, 8; BK Rogs 1-2:** These requests seek the identification of individuals in a variety of roles or who communicated regarding certain topics (e.g., the Great 78 Project, the MMA). As stated during the meet and confer, Defendants' investigation of Plaintiffs' claims are ongoing, and Defendants will serve supplemental responses to these requests as

appropriate.

- **GBLP Rog 4:** We will serve the supplemental response today.

- **BK Rog 3:** During the meet and confer, you agreed that this rog will be narrowed to the identification of individuals who Brewster Kahle communicated with regarding budgeting and funding for the Great 78 Project. Mr. Kahle is investigating this request and will serve a supplemental response to the interrogatory based on the investigation.

- **BK Rog 4:** This request seeks the identification of public presentations that Mr. Kahle has given regarding the Great 78 Project. As noted in connection with IA RFP 17, GBLP RFP 12, and GB FRP 6, we can agree to produce and / or identify links to public statements, speeches, videos, or blog posts made by Defendants, including Mr. Kahle, referring to the Great 78 Project located through a reasonable search.

Thanks,

**Clara Wang**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8281

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Sent:** Friday, August 2, 2024 7:10 AM
**To:** Wang, Clara (Bay Area) <Clara.Wang@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Cc:** #C-M IA UMG - LW TEAM <iaumg.lwteam@lw.com>
**Subject:** Re: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Alli and Clara,

Thank you for conferring with us on Monday regarding Defendants' discovery responses. Below we summarize the results of those conferrals. While progress was made during our discussion, many issues remain unresolved. Please let us know your availability to continue our discussion early next week.

Requests for Production

- Documents promoting or defending the Great 78 Project. **IA RFP 17; GBLP RFP 12; GB RFP 6:** In Defendants' July 12, 2024 letter, Defendants state they will produce documents that are "not otherwise available to Plaintiffs." At the conferral, Defendants indicated that they will not limit their production to documents "not otherwise available to Plaintiffs" but will either produce all responsive documents or indicate where responsive documents that are otherwise publicly available can be found.

- Internet Archive's webpages. **IA RFP 6:** Defendants indicated that they will produce only the specific webpages found at URLs that Plaintiffs identify as relating to infringing recordings. Defendants stated that they will not search for and produce all webpages relating to

- recordings that match the artist and title of Infringing Sound Recordings, as RFP 6 requests. **The parties are at an impasse on this request.**

- Internet Archive's social media accounts. **IA RFPs 28 and 29:** Defendants indicated that they will consider revising their responses to IA RFPs 28 and 29 that Defendants will not produce documents in response to these requests. **Please let us know whether Defendants will produce documents in response to these requests.**

- Kahle's income and assets. **BK RFP 14:** Defendants indicated that they will consider revising their responses to BK RFP 14 that Defendants will not produce documents in response to this request. **Please let us know whether Defendants will produce documents in response to this request.**

- **GBLP RFP 7:** Defendants refuse to produce documents beyond those relating to the Sound Recordings at Issue. **The parties are at an impasse regarding this request.**

Interrogatories

- **IA Rogs 3-6, 8-11; GBLP Rogs 1-3:** Defendants stated that they have already conducted a reasonable investigation but may supplement their responses after further investigation. **Please specify a date certain by which Defendants will provide a supplemental response.**

- **GBLP Rog 4:** Defendants stated that they will amend their response, but did not provide a definite date. **Please serve an amended response.**

- **IA Rogs 7, 12; GBLP Rog 8; GB Rogs 1, 2; BK Rogs 1, 2, 4:** Defendants stated that they will amend their responses to respond to these interrogatories. **Please serve amended responses or specify a date certain by which Defendants will serve amended responses.**

- **BK Rog 3:** Defendants stated that, in response to this interrogatory, they are willing to identify all persons with whom Mr. Kahle communicated concerning funding and budgeting for the Great 78 Project. Plaintiffs reserved the right to seek a response to the full scope of BK Rog 3 later in discovery. **Please serve an amended response or specify a date certain by which Defendants will serve an amended response.**

Best,
Corey

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Date:** Thursday, July 25, 2024 at 4:13 PM
**To:** Clara.Wang@lw.com <Clara.Wang@lw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>
**Cc:** iaumg.lwteam@lw.com <iaumg.lwteam@lw.com>
**Subject:** Re: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Thanks Clara, let's do 12 pm ET on Monday. We will send a zoom invite.

Best,
Corey

---

**From:** Clara.Wang@lw.com <Clara.Wang@lw.com>
**Date:** Thursday, July 25, 2024 at 3:03 PM
**To:** Corey Miller <Corey@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>
**Cc:** iaumg.lwteam@lw.com <iaumg.lwteam@lw.com>
**Subject:** RE: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Corey,

We can be available on Monday, July 29 from 12-1 PM ET or 2-2:30 PM ET.

Thanks,

**Clara Wang**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8281

---

**From:** Corey Miller <Corey@oandzlaw.com>
**Sent:** Thursday, July 25, 2024 8:31 AM
**To:** Wang, Clara (Bay Area) <Clara.Wang@lw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Danae Tinelli <Danae@oandzlaw.com>
**Cc:** #C-M IA UMG - LW TEAM <iaumg.lwteam@lw.com>
**Subject:** Re: UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Alli and Clara,

Please let us know when you are available to meet and confer regarding Defendants' discovery responses.

Best.
Corey

---

**From:** Clara.Wang@lw.com <Clara.Wang@lw.com>
**Date:** Friday, July 12, 2024 at 4:24 PM
**To:** Matt Oppenheim <Matt@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, Danae Tinelli <Danae@oandzlaw.com>
**Cc:** iaumg.lwteam@lw.com <iaumg.lwteam@lw.com>
**Subject:** UMG Recordings, Inc., et al. v. Internet Archive, et al., 1:23-cv-06522-MMC

Counsel,

Please see attached for correspondence from Alli Stillman.

Thanks,

**Clara Wang**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8281

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.