Matthew J. Oppenheim (*pro hac vice*)
Corey Miller (*pro hac vice*)
Danae Tinelli (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Telephone:    (202) 480-2999
matt@oandzlaw.com
corey@oandzlaw.com
danae@oandzlaw.com

Noel M. Cook, SBN 122777
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:     (415) 541-9366
ncook@hansonbridgett.com

Jacob L. Tracer (*pro hac vice*)
RECORDING INDUSTRY ASSOCIATION OF AMERICA
1000 F St. NW, 2nd Floor
Washington, DC 20004-1512
Telephone:    (202) 857-9611
jtracer@riaa.com

***Attorneys for Plaintiffs*** UMG Recordings, Inc.; Capitol Records, LLC; Concord Bicycle Assets, LLC; CMGI Recorded Music Assets LLC; Sony Music Entertainment; and Arista Music

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC<br><br>Plaintiff(s),<br><br>vs.<br><br>INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD, L.P.<br><br>Defendant(s). | Case No.: 3:23-cv-06522-MMC<br><br>**Plaintiffs' Notice of Motion and Motion for Leave to File the Second Amended Complaint and Supporting Memorandum of Points and Authorities**<br><br>Date:    April 11, 2025<br>Time:   9:00 a.m. |

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, AND TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on April 11, 2025 at 9:00 a.m., before the Honorable Maxine M. Chesney in Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Concord Bicycle Assets, LLC, CMGI Recorded Music Assets LLC, Sony Music Entertainment, and Arista Music ("collectively, "Plaintiffs") will and hereby do move for leave to file the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's Pretrial Preparation Order.  Alternatively, pursuant to Local Civil Rule 7-1(b), Plaintiffs request this motion to be determined without oral argument.

This motion is made on the grounds that Plaintiffs require a Second Amended Complaint to update the sound recordings listed in Exhibit A to the First Amended Complaint, including by removing and adding certain sound recordings, and update the First Amended Complaint's allegations.  This amendment does not add any new parties, claims, or descriptive allegations. This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed proposed Second Amended Complaint and Exhibit A thereto, and all other matters presented.  Defendants Internet Archive, Brewster Kahle, the Kahle/Austin Foundation, George Blood, and George Blood LP (collectively, "Defendants") oppose this motion.

1

Pls.' Mot. for Leave to File the Second Amended
Compl. and Supp. Mem. of Points and Authorities

Case No.: 3:23-cv-06522-MMC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 15(a) and the Court's Pretrial Preparation Order, ECF No.144, Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Concord Bicycle Assets, LLC, CMGI Recorded Music Assets LLC, Sony Music Entertainment, and Arista Music (collectively, "Plaintiffs"), through their undersigned counsel, hereby respectfully submit this Memorandum of Points and Authorities in support of their Motion for Leave to File Plaintiffs' Second Amended Complaint ("Motion"). A proposed Second Amended Complaint and Exhibit A is attached hereto as Exhibit 1.

**Introduction**

Plaintiffs seek leave to file the Second Amended Complaint in accordance with the Court's Pretrial Preparation Order, ECF No.144, which sets March 6, 2025, as the deadline for amending pleadings. Plaintiffs' First Amended Complaint alleges that Defendants copied, distributed, and publicly performed without authorization Plaintiffs' protected sound recordings. Based on the information available to Plaintiffs at the time of filing the First Amended Complaint, Plaintiffs attached, as Exhibit A, an illustrative and non-exhaustive list of 4,142 of Plaintiffs' sound recordings infringed by Defendants, which is but a small sample of the works Defendants have infringed. Since the filing of the First Amended Complaint, Plaintiffs have continued to analyze the available evidence regarding Defendants' infringement and have identified additional protected sound recordings that Plaintiffs own or exclusively control that Defendants have infringed since the filing of the first Complaint in this case.

Plaintiffs now seek leave of the Court to file the Second Amended Complaint. Plaintiffs propose to amend the Complaint (the "Amendment") in four ways: (1) to add certain sound recordings to Exhibit A that have been infringed since the Original Complaint was filed; (2) to remove a small number of sound recordings that are duplicative of other recordings included in Exhibit A; (3) to make typographical corrections, including to track and artists names, to ensure the accuracy of the list of works in suit; and (4) to update the Complaint's allegations.

2

Pls.' Mot. for Leave to File the Second Amended
Compl. and Supp. Mem. of Points and Authorities

Case No.: 3:23-cv-06522-MMC

Plaintiffs met and conferred with Defendants regarding the Amendment, but Defendants declined to consent. As Plaintiffs have filed the Amendment before the deadline the Court has set for amending the pleadings, Plaintiffs file this motion out of an abundance of caution in light of Defendants' opposition.

The Amendment will not unduly prejudice Defendants because the amendment is timely, made within the deadline set by the Court's scheduling order, and made in good faith. Plaintiffs should be permitted to file the proposed Second Amended Complaint, as such leave should be freely given under the applicable rules and the circumstances of this case.

## Background

Plaintiffs filed this action on August 11, 2023, seeking to hold Defendants liable for infringement of their protected sound recordings. Compl., ECF No. 1. Plaintiffs comprise record companies that produce, manufacture, distribute, sell, and license legitimate commercial sound recordings, both in the United States and internationally. *Id*. ¶ 5. Defendants have violated Plaintiffs' rights in protected pre-1972 sound recordings by reproducing and distributing and/or transmitting unauthorized copies of those sound recordings to the public via the Great 78 Project. *Id.* ¶¶ 9, 17. The scope of Defendants' infringement is massive *Id.* ¶ 63.

Exhibit A to the initial Complaint identified 2,749 sound recordings Plaintiffs allege Defendants infringed. *Id.* ¶ 28 & Ex. A. As explained in the Complaint, the sound recordings listed on Exhibit A were illustrative and non-exhaustive. *Id.* ¶ 28. On March 12, 2024, Plaintiffs filed an Amended Complaint that identified additional sound recordings Plaintiffs allege Defendants have infringed, bringing the total number of sound recordings in suit to 4,142. Am. Compl. Ex. A., ECF No. 95-1.

The proposed Exhibit A to the Second Amended Complaint will update that Exhibit by adding 493 additional works that Defendants have infringed since the filing of the first Complaint and by removing eleven works Plaintiffs have subsequently determined to be duplicative. It will also make certain typographical corrections. As with the original Exhibit A, the revised Exhibit

3

Pls.' Mot. for Leave to File the Second Amended Compl. and Supp. Mem. of Points and Authorities

Case No.: 3:23-cv-06522-MMC

A is a representative, non-exhaustive list of Plaintiffs' sound recordings that Defendants have infringed.

The proposed Second Amended Complaint will also (i) amend the narrative allegations to describe Defendants' continued infringement; (ii) amend the jurisdictional and venue allegations to reflect that the case has been transferred to the Northern District of California; and (iii) update certain factual allegations in light of events that have occurred since the previous amendment.

This is the second time that Plaintiffs have sought to amend the Complaint.

### Legal Standard

Rule 15(a)(2) provides that the "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that, in the absence of any apparent or declared reason, leave to amend should be freely given as the rules require). The standard for amendment is intended "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).

If a court, as in this case, has issued a pretrial scheduling order setting a deadline to amend pleadings, that order controls. *See Codexis, Inc. v. Codex DNA, Inc.*, No. 20-cv-03503-MMC, 2021 WL 3633843, at *1 (N.D. Cal. Aug. 17, 2021) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (holding, "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards controlled").

When deciding whether to grant leave to amend, this Court generally considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *McCabe v. Six Continents Hotels, Inc.*, 2013 WL 12306494, at *2 (N.D. Cal. Oct. 10, 2013) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted)). "Absent prejudice, or a strong showing of any of

4

Pls.' Mot. for Leave to File the Second Amended
Compl. and Supp. Mem. of Points and Authorities

Case No.: 3:23-cv-06522-MMC

the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 2003).

### Argument

**I.  Plaintiffs should be permitted to file the Second Amended Complaint because Plaintiffs have sought to amend before the Court-ordered deadline.**

Plaintiffs have filed this amendment within the March 6, 2025 deadline for amending the Pleading that the Court established in its Pretrial Preparation Order. ECF No.144. The Court's order presumptively establishes that amendments before the deadline established therein are made with leave of Court and thus comport with Rules 15(a)(2) and 16(b). Ex. 2, Nov. 15, 2024 Hr'g Tr. 11:14–23. Indeed, the Court set the amendment deadline earlier than Plaintiffs' request of May 2025 precisely to accommodate Defendants' potential concerns about prejudice. *Id.* 11:14–14:15. Accordingly, Plaintiffs' amendment is proper.

**II.  Plaintiffs should be permitted to file the Second Amended Complaint because the Rule 15 factors weigh in favor of amendment.**

**a.  Granting Plaintiffs leave to file the Second Amended Complaint at this stage of the litigation will not unduly prejudice Defendants.**

Plaintiffs' proposed Second Amended Complaint will not unduly prejudice Defendants. "To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings, a showing of prejudice must be substantial." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017). No such prejudice exists here, much less substantial prejudice, where the proposed amendment does not add new parties or claims, and discovery is still ongoing. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice."). Moreover, the Court issued the Pretrial Preparation Order in November 2024, setting March 6, 2025 as the deadline for amendments, and trial is not scheduled to begin for more than a year. Indeed, substantial undue prejudice exists only where the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to

5

Pls.' Mot. for Leave to File the Second Amended Compl. and Supp. Mem. of Points and Authorities

Case No.: 3:23-cv-06522-MMC

have undertaken, at a late hour, an entirely new course of defense . . . ." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). No such circumstances exist here.

Finally, Defendants have been on notice of Plaintiffs' intent to amend the Complaint. *Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, 2008 WL 11397902, at *1 (N.D. Cal. Nov. 25, 2008) (finding no potential prejudice to defendant because "it [was] clear from the record that Defendant has been aware of the possible amendment for some time"). Plaintiffs made clear that "we will likely find more recordings. . . . [I]t takes time to go through and analyze them all and figure out which ones we own the rights to and can assert in the lawsuit, and they keep adding new ones all the time." Ex. 3, Jul. 26, 2024 Hr'g Tr. 7:5–12. In November, Defendants correctly presumed that Plaintiffs would "seek into interpose a number of additional works in suit." Ex. 2, Nov. 15, 2024 Hr'g Tr. 13:11–12.

### b. The remaining factors weigh in favor of granting Plaintiffs' leave to file the Second Amended Complaint.

There is good cause to amend in that identifying the additional infringing sound recordings will facilitate the ultimate determination of Plaintiffs' claims. *Browning* at *1 (finding it proper for a party to "seek[] leave to amend to conform to the evidence related to the *actual* number of infringing [works] that have been used") (emphasis added). There has been no undue delay on Plaintiffs' part: all of the works this amendment adds are works Defendants infringed since the filing of the original Complaint. Defendants will have an adequate opportunity for discovery on the works in the Second Amended Exhibit A, as the Court intended the amendment deadline to provide. *See supra.* In any event, "the Ninth Circuit disfavors denials of leave to amend on the basis of undue delay 'where there is a lack of prejudice to the opposing party.'" *Willner v. Manpower Inc.*, 2013 WL 3339443, at *3 (N.D. Cal. July 1, 2013) (citing *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir.1973)). As such, Plaintiffs "ought to be afforded the opportunity to test [their claims] on the merits" against Defendants. *See Foman*, 371 U.S. at 182.

Plaintiffs move to amend in good faith. An amendment is made in good faith "unless [the proposed amendment] will not save the complaint or the plaintiff merely is seeking to prolong the

6
Pls.' Mot. for Leave to File the Second Amended
Compl. and Supp. Mem. of Points and Authorities

Case No.: 3:23-cv-06522-MMC

litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Here, Plaintiffs propose to amend in an effort to conform their pleadings to new evidence and comprehensively address all aspects of the parties' dispute in one proceeding. *Browning*, 2008 WL 11397902, at *1.

Finally, there can be no issue of futility. An amendment is futile only if "no sets of facts can be proved under the [amendment] that would constitute a valid and sufficient claim or defense." *Alber*, 2020 WL 6064334, at *10 (citation omitted). That clearly does not apply here.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion for Leave to File the Second Amended Complaint.

Dated: March 6, 2025

Respectfully submitted,

*/s/ Corey Miller*
Matthew J. Oppenheim
Corey Miller
Danae Tinelli
OPPENHEIM + ZEBRAK, LLP

Noel M. Cook
HANSON BRIDGETT LLP

Jacob L. Tracer
RECORDING INDUSTRY
ASSOCIATION OF AMERICA

*Attorneys for Plaintiffs*

7

Pls.' Mot. for Leave to File the Second Amended
Compl. and Supp. Mem. of Points and Authorities

Case No.: 3:23-cv-06522-MMC