Matthew J. Oppenheim (*pro hac vice*)
Corey Miller (*pro hac vice*)
Danae Tinelli (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
corey@oandzlaw.com
danae@oandzlaw.com

Noel M. Cook, SBN 122777
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
ncook@hansonbridgett.com

Jacob L. Tracer (*pro hac vice*)
RECORDING INDUSTRY ASSOCIATION OF AMERICA
1000 F St. NW, 2nd Floor
Washington, DC 20004-1512
Telephone: (202) 857-9611
jtracer@riaa.com

***Attorneys for Plaintiffs*** UMG Recordings, Inc.; Capitol Records, LLC; Concord Bicycle Assets, LLC; CMGI Recorded Music Assets LLC; Sony Music Entertainment; and Arista Music

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC

Plaintiff(s),

vs.

INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD, L.P.

Defendant(s).

Case No.: 3:23-cv-06522-MMC

**Declaration of Danae Tinelli in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed**

Decl. of Danae Tinelli in Support of Defs.' Admin. Mot. to Consider Whether Another Party's Materials Should Be Sealed

Case No.: 3:23-cv-06522-MMC

I, Danae Tinelli, hereby declare, pursuant to 28 US.C. § 1746, as follows:

1. I am an attorney at Oppenheim + Zebrak, LLP ("O+Z"), which represents Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Concord Bicycle Assets, LLC, CMGI Recorded Music Assets LLC, Sony Music Entertainment ("SME"), and Arista Music (collectively, "Plaintiffs") in the above-captioned matter.

2. I have knowledge of the facts stated herein based on personal knowledge and my review of the documents and other items referenced herein. If called upon to do so, I am able to testify competently to the matters set forth below.

3. On April 2, 2025, the Court denied Defendants' Administrative Motion and directed Defendants to file the Sealed Documents (defined below) in the public record, ECF No. 164. Plaintiffs respectfully request that the Court maintain the Sealed Documents under seal to protect the confidentiality interests outlined in the Stipulated Protective Order ("Protective Order"), ECF No. 113. Pursuant to Civil L.R. 7-11(a) and 79-5 (c) and (f), I respectfully submit this Declaration in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Defendants' Administrative Motion"), ECF No. 161.

4. Plaintiffs acknowledge that this filing is being submitted after the applicable deadline and sincerely apologize to the Court and opposing counsel for the delay and any inconvenience this may have caused. The delay was inadvertent and resulted from Plaintiffs' focus in preparing a timely response to Defendants Opposition, ECF No. 160. Plaintiffs assure the Court that they did not intend to disregard to the Court's deadlines and respectfully request the Court's consideration in accepting this late filing.

5. Specifically, the following documents submitted in connection with Defendants' Administrative Motion contain Plaintiffs' highly confidential, non-public, and commercially sensitive information and should remain sealed ("Sealed Documents").

| ECF/Ex. No. | Document | Portion to Seal | Reason for Sealing |
|---|---|---|---|
| ECF No. 160-3 Exhibit 2 | Agreement produced by Sony Music Entertainment | Entire document | Plaintiffs designated the Sealed Documents as "Highly Confidential – Attorneys' Eyes Only" pursuant to the |

1

Decl. of Danae Tinelli in Support of Defs.' Admin. Mot. to Consider Whether Another Party's Materials Should Be Sealed

Case No.: 3:23-cv-06522-MMC

| | | | |
|---|---|---|---|
| | (Bates PL0000001575) | | Protective Order; highly confidential, non-public business agreement between Columbia Records Inc. and a third-party produced by Plaintiff SME to Defendants during the litigation; contains information reflecting the scope of the agreement and consideration exchanged between the parties. Public disclosure would cause harm to Plaintiff SME. |
| ECF No. 160-4 Exhibit 3 | Agreement produced by Sony Music Entertainment (Bates PL0000001578) | Entire document | Plaintiffs designated the Sealed Documents as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order; highly confidential, non-public business agreement between Radio Corporation of America and a third-party produced by Plaintiff SME to Defendants during the litigation; contains information reflecting the scope of the agreement and consideration exchanged between the parties. Public disclosure would cause harm to Plaintiff SME. |

6. For documents attached to non-dispositive motions or filings "tangentially related to the merits," the Court must only find "good cause" to justify sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Connor v. Quora, Inc.*, No. 18-CV-07597-BLF, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020). Such good cause exists here to warrant sealing of the information identified above. However, even if the Court were to determine it must find "compelling reasons" under the stricter standard for filings "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), sufficient compelling reasons are also found here to warrant sealing.

7. The Sealed Documents contain Plaintiffs' highly confidential, non-public, and commercially sensitive information, which would result in serious commercial and competitive harm if disclosed publicly. Specifically, the Sealed Documents are non-public commercial agreements between Plaintiff SME and third parties related to sound recordings, including information about the scope of the agreements, rights granted, permissible uses, payment structures, breakdown of revenue, and consideration exchanged between the parties – all of which were negotiated by the parties to the agreements in a confidential manner.

8. Consistent with the highly-confidential nature of Plaintiffs' information in the Sealed Documents, Plaintiffs had produced the documents with a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Protective Order.

9. Plaintiffs also maintain a practice of guarding their confidential documents from public disclosure by limiting access and disclosure to a select group of authorized individuals.

10. Public disclosure of Plaintiffs' highly confidential information would harm Plaintiffs' competitive standing. For example, Plaintiffs' competitors could use the information disclosed, which reflect pricing and royalty information, business plans, and confidential terms negotiated by parties to the agreements, to unfairly gain a competitive advantage over Plaintiffs and thereby harm Plaintiffs' ability to compete and conduct business. Similarly, disclosure of confidential terms would compromise Plaintiffs' ability to effectively negotiate terms with other third parties.

11. These significant threats of commercial and competitive harms constitute sufficient "compelling reasons" to warrant sealing of the Sealed Documents identified above. *See, e.g., Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872197, at *1 (N.D. Cal. Aug. 7, 2020) ("confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard") (quoting *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812 at *1 (N.D. Cal. June 1, 2020); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (preventing competitors from "gaining insight into the parties' business model and strategy"

3

Decl. of Danae Tinelli in Support of Defs.' Admin. Mot. to Consider Whether Another Party's Materials Should Be Sealed

Case No.: 3:23-cv-06522-MMC

constitute sufficient "compelling reasons" to seal). For the same reasons, there is also sufficient "good cause" to warrant sealing.

12. Prevention of these harms requires the sealing of the information contained in the Sealed Documents described above. Absent sealing, Plaintiffs' competitors would unfairly gain access to Plaintiffs' confidential information and threaten Plaintiffs' businesses and competitive standing. Accordingly, less restrictive measures would not adequately guard against the harms threatened by disclosure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of April 2025.

*/s/ Danae Tinelli*
Danae Tinelli

***Attorney for Plaintiffs***

4

Decl. of Danae Tinelli in Support of Defs.' Admin. Mot. to Consider Whether Another Party's Materials Should Be Sealed

Case No.: 3:23-cv-06522-MMC